■ REGINA KNISE et al., Appellants, v. BRUCE SHEARER, Doing Business as BEE LINE TAXI, Defendant, and WILLIAM DALEY, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Otsego County, entered on jury verdicts of no cause of action and from an order of the same court denying appellants' motion to set aside the verdicts as against the weight of the evidence. On December 11, 1965 appellant, Regina Knise, was allegedly injured when a taxicab driven by respondent in which she was a passenger was backed into a tree as the driver attempted to turn around. It is undisputed that at the time

of the accident it was snowing; that there was an accumulation of two or three inches of snow on the highway and it was slippery. The respondent testified that this backing maneuver was necessary because there was another car stuck ahead of him on the highway in the snow; that he was backing slowly, was watching as he backed and could see the driveway he was attempting to enter and also the tree; that he did not apply his brakes, but when his rear wheels reached the edge of the roadway the rear wheels skidded 6 to 12 inches and struck the tree at the corner of the driveway, and that his speed when he struck the tree was four to five miles per hour. While the extent of appellant's alleged injuries was in sharp dispute, it is unquestionable that the appellant suffered some injuries. Thus, since there was admittedly no question of contributory negligence, the sole question is whether the jury's finding of no negligence on the part of the respondent, which was the proximate cause of the accident, is against the weight of the evidence. A verdict such as the instant one can only be set aside if the evidence is so preponderant in the plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (e.g., *Carino* v. *Marino*, 28 A D 2d 514; *Marton* v. *McCasland*, 16 A D 2d 781; *Pertofsky* v. *Drucks*, 16 A D 2d 690). Of course, the mere fact that the cab skidded does not mandate a finding of negligence (*People* v. *Lewis*, 13 N Y 2d 180, 184; *Lahr* v. *Tirrill*, 274 N. Y. 112; *Galbraith* v. *Busch*, 267 N. Y. 230; *Lo Piccolo* v. *Knight of Rest Prods. Corp.*, 7 A D 2d 369, affd. 9 N Y 2d 662). Under the facts of this case backing off the road and striking a tree probably was prima facie proof of negligence but then it became a factual issue for the jury to evaluate the explanation (cf. *Pfaffenbach* v. *White Plains Exp. Corp.*, 17 N Y 2d 132). Here the court submitted the case to the jury and the jury returned a verdict for the defendant. The jury was not required to accept the contentions of the appellants and could have reasonably accepted the testimony of the respondent and the other passenger in the taxicab on the issue of negligence. Therefore, we find no reason to disturb the trial court's decision not to set aside the jury's determinations (see *Bush* v. *Pearson*, 17 A D 2d 1012). Judgment and order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.