■ FREDERICK FAGLE et al., Appellants, v WAYNE BELL, Respondent.— Appeal from a judgment of the Supreme Court, entered March 7, 1977 in Schenectady County, upon a verdict of no cause of action rendered in favor of the defendant and from an order of the same court denying plaintiff's motion to set aside the verdict as against the weight of the evidence. On January 27, 1971 plaintiff, Herta Fagle was allegedly injured when her automobile was involved in a collision with the defendant. It is undisputed that at the time of the accident the surface of the road was very snowy and icy. The defendant testified that he had been driving north on Duane Avenue in the City of Schenectady. As he approached the intersection of this street with Watt Street, he made a right turn heading east on Watt Street. It was his testimony that he brought his car to a stop just prior to

making the right turn down and, as he then began to make the turn, he found the car beginning to slide sideways, and collided with plaintiff's automobile which was stopped and waiting to make a left-hand turn onto Duane Avenue from Watt Street. Since there was admittedly no question of contributory negligence, the sole question is whether the jury's finding of no negligence on the part of the defendant is against the weight of the evidence. The mere fact that the plaintiff's car skidded does not mandate a finding of negligence (*People v Lewis,* 13 NY2d 180, 184; *Knise v Shearer,* 30 AD2d 741). Upon the facts of this case, a case of negligence was made out prima facie sufficient for the plaintiff to go to the jury to determine liability (*Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132). It then became a factual issue for the jury to evaluate defendant's explanation (*Knise v Shearer, supra,* p 742). The jury was not required to accept the contentions of the plaintiff and could have reasonably accepted the testimony of the defendant on the issue of negligence. Therefore, we find no reason to disturb the trial court's decision not to set aside the jury's determination. Judgment and order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.