■ DELORES NOIA, Respondent, v GILDA DE ROSA et al., Appellants. — Order, Supreme Court, Bronx County, entered on September 7, 1979, granting plaintiff's motion to set aside the jury verdict rendered in favor of defendants and directing a new trial, unanimously reversed, on the law and on the facts, without costs and without disbursements, the motion denied and the verdict of the jury reinstated. Plaintiff suffered serious injuries when the car in which she was a passenger skidded off a roadway striking a tree on the opposite

embankment. Plaintiff was rendered unconscious and, after the impact, could only remember a police officer standing by the side of the vehicle. On the second trial of this action, the first verdict having been set aside as a compromise, plaintiff recalled that as they approached the turn in the road, where the accident would occur, the vehicle slowed. However, as the car then proceeded into a straightaway, plaintiff heard a "roar" indicating that the appellant driver, Colucci, was accelerating the vehicle at the time of the accident. Defendant Colucci, who had testified at the first trial, had the transcript of his prior testimony read into the record at the second trial. According to Colucci, the accident occurred on a wet, rainy winter's night when he lost control of the car which he was driving. He maintained that he was traveling 25 to 30 miles per hour and, contrary to the testimony of the plaintiff at the second trial, denied picking up speed after the turn. Defendant maintained that, after coming out of the turn, the rear end of the car started to slide, like a "fishtail". Defendant explained that there was dirt or twigs or mud on the roadway which could have caused the car to skid. After deliberating, the jury returned a verdict for defendants. However, Trial Term granted plaintiff's motion to set aside the verdict on the ground that it was contrary to the evidence. The court reasoned that defendant's testimony failed to establish a sufficient explanation as to the cause of the accident. We disagree. The mere happening of this one-car accident was sufficient to submit the case to the jury. In a one-car accident where proof has been presented that the vehicle skidded out of control with a resulting collision with an object, the case is a proper one for jury determination. "In such a situation, showing this and nothing more, a case of negligence is made out prima facie sufficient to go to the jury to determine liability. The explanation of the defendant, if he gives one, will also usually be for the jury. The same rule, open to additional factual evaluation of his own responsibility for events, would apply to the passenger in a car which goes out of control.* * * Thus there should be more legal flexibility on what is negligence as applied to the control of moving vehicles and the question left open to factual judgments of the jury where the record shows a skid, or the explanation for a skid, or a car on the wrong side of the road, or the explanation of why it is there, or the need for the passenger in a car to act in relation to its operation" (*Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135-136). Thus, once a prima facie case of negligence is presented, as we have before us, it then becomes a question of fact for the jury. Here it was sufficient to raise for the jury's consideration either that the vehicle skidded out of contol due to the wet, slippery road, or that there was debris on the road which contributed to the loss of control. These were matters for the jury as trier of the facts, which they resolved in defendant's favor. Accordingly, it was error for the trial court to substitute its judgment for that of the jury. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Carro, JJ.