DANIEL A. DIFLORIO, SR., et al., Appellants, v DAVID F. VAN SLYKE et al., Respondents, et al., Defendant. (Appeal No. 1.) [651 NYS2d 777] —Order unanimously reversed on the law without costs, motion denied, amended complaint against defendants David F. Van Slyke and Mint Condition Auto Sales, Inc., reinstated and cross motion granted. Memorandum: While on duty as a Deputy Sheriff in Onondaga County, plaintiff Daniel A. DiFlorio, Sr., sustained injuries when a disabled vehicle he was assisting was struck by a station wagon operated by defendant David Van Slyke and owned by defendant Mint Condition Auto Sales, Inc. (Mint Condition). Before striking the disabled vehicle, which partially blocked traffic in the passing lane of an expressway, the station wagon allegedly collided with a truck operated by defendant Robert J. Lindsey. The amended complaint alleges that Van Slyke and Lindsey were negligent, that Van Slyke's negligence should be imputed to Mint Condition, and that Van Slyke violated sections 1102, 1128, 1146 and 1180 (a) and (e) of the Vehicle and Traffic Law.

Supreme Court granted the motion of defendants Van Slyke and Mint Condition for summary judgment dismissing the amended complaint against them, ruling that the negligence causes of action are barred by the common-law "fireman's rule" (*see, Santangelo .v State of New York*, 71 NY2d 393) and that the amended complaint otherwise fails to state a cause of action. The court also denied plaintiffs' cross motion for leave to serve a proposed second amended complaint. By a second order, the court granted the motion of defendant Lindsey for summary judgment dismissing the amended complaint against him and denied plaintiffs' cross motion for reargument of the other defendants' motion. Plaintiffs appeal from each and every part of both orders.

During the pendency of this appeal, the Legislature amended

General Municipal Law § 205-e to expand the rights of recovery for injured police officers and enacted General Obligations Law § 11-106, which significantly restricts the scope of the "firefighter's rule" (L 1996, ch 703). The new laws, which are effective immediately, apply to all pending cases (see, L 1996, ch 703, § 6).

We agree with plaintiffs that the amended complaint, insofar as it alleges that defendant Van Slyke was negligent and committed numerous traffic infractions, states a cause of action under General Municipal Law § 205-e, as amended. We further conclude that, in light of General Obligations Law § 11-106, the amended complaint now states a viable negligence cause of action. Even though plaintiffs' initial brief on appeal failed to address the negligence cause of action, that brief was prepared before the new law was signed. Under these circumstances, the issue regarding the negligence cause of action has not been abandoned (cf., Ciesinski v Town of Aurora, 202 AD2d 984).

Finally, in the absence of prejudice or surprise to defendants, the court improvidently exercised its discretion in denying plaintiffs' cross motion for leave to serve a second amended complaint, which added the allegation that defendants violated General Municipal Law § 205-e (see, CPLR 3025 [b]; Barraza v Sambade, 212 AD2d 655). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr and Boehm, JJ.