■ DOREEN STITH, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [— NYS2d —] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J., and a jury), entered on October 10, 1995, in favor of defendant, unanimously affirmed, without costs.

Under the circumstances herein, proximate cause clearly was not established (*Wright v New York City Hous. Auth.,* 208 AD2d 327, 330-331; *Kirsten M. v Bettina Equities Co.,* 222 AD2d 201, *lv denied* 88 NY2d 813; *Rojas v Lynn,* 218 AD2d 611, *lv denied* 87 NY2d 804). Since defendant landlord is not liable, we do not reach the issue concerning the applicability of CPLR article 16. Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.

■ EDA R. LASKY, Appellant, v CITY OF NEW YORK et al., Respondents. [652 NYS2d 16] —Judgment, Supreme Court, New York County (Jerome Gorski, J., and a jury), entered August 1, 1995, in favor of defendants, unanimously affirmed, without costs.

Plaintiff was not prejudiced by any error in charging Vehicle and Traffic Law § 1121 instead of section 1120, as the former adequately conveyed what plaintiff wanted the jury to infer from the latter, namely, negligence based on defendant's failure to keep far enough to the right as plaintiff's vehicle approached in the opposite direction. The court properly refused to charge that defendant's negligence could be inferred merely from the fact that its truck skidded before colliding with plaintiff's car (*see, Noia v De Rosa,* 78 AD2d 789, *affd* 54 NY2d 631). The court also properly instructed, in response to jury questions, that the right of way was immaterial in this case. We have considered plaintiff's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.