OPINION OF THE COURT
Memorandum.
Order unanimously modified by granting partial summary judgment in favor of defendant Dale Construction, Inc., dismissing plaintiffs cause of action under General Municipal Law § 205-a, and as so modified, affirmed without costs.
The plaintiff, a fireman, was responding to the fire bell in the firehouse when he slid down the fire pole to get to the fire truck. He alleged that because of prior improper construction performed by defendant Dale, the fire pole was not secured properly, causing him to fall and injure his knee.
The City of New York also moved to dismiss the plaintiffs action but did not appeal the denial of its motion.
In our view, the order should be modified to the extent of dismissing the cause of action in the complaint against Dale under General Municipal Law § 205-a. During the pendency of this appeal, the Legislature added a new section to the General Obligations Law, section 11-106, effective October 9, 1996. Its purpose is to expand the rights of recovery for injured firefighters and police officers (General Municipal Law § 205-a was also amended but the amendment is not relevant in the instant matter). Section 11-106 states as follows:
"Compensation for injury or death to police officers and firefighters or their estates
"1. In addition to any other right of action or recovery otherwise available under law, whenever any police officer or firefighter suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that police officer’s or firefighter’s employer or co-employee, the police officer or firefighter suffering that injury or disease, or, in the case of death, a representative of that police officer or firefighter may seek recovery and damages from *332 the person or entity whose neglect, willful omission, or intentional, willful or culpable conduct resulted in that injury, disease or death.
"2. Nothing in this section shall be deemed to expand or restrict the existing liability of an employer or co-employee at common-law or under sections two hundred five-a and two hundred five-e of the general municipal law for injuries or death sustained in the line-of-duty by any police officer or firefighter.”
"6. This act shall take effect immediately and shall apply to all actions commenced or pending on and after such date.” (L 1996, ch 703, § 6.)
In Gibbons v Ostrow (234 AD2d 415), the Court affirmed the denial of defendant’s motion for summary judgment. In that case, the plaintiff, a Nassau County police officer, commenced a negligence action against the owner and operator of the vehicle which collided with his police car. The defendants argued that plaintiff’s complaint was based on common-law negligence and was barred by Santangelo v State of New York (71 NY2d 393, 397) and subsequent cases such as Zanghi v Niagara Frontier Transp. Commn. (85 NY2d 423, 439), which precluded recovery by police officers and firefighters for injuries resulting from the special risks inherent in the duties they perform.
 The Court ruled that in an action based on General Municipal Law § 205-e (which is similar to § 205-a insofar as it imposes liability for the failure to comply with statutes, ordinances, rules, orders and requirements of governmental bodies), the complaint must specify or identify the statutes with which the defendant allegedly failed to comply. Here, the plaintiff’s failure to specify the statutes is fatal to his cause of action under section 205-a. However, the Court went on to state that pursuant to recent legislation, General Obligations Law § 11-106 (L 1996, ch 703), the case of Santangelo v State of New York (supra) and subsequent cases have been overruled, thereby establishing a limited right of recovery for the plaintiff. It stated that the legislation applies to all actions commenced or pending on and after October 9, 1996. (See also, DiFlorio v Van Slyke, 234 AD2d 961.)
In the case at bar, the plaintiff claimed that the pole shook and the floor at the bottom of the pole was in disrepair, causing his right knee to be injured. Defendant Dale had recently done some construction work on the firehouse. Under the prior law plaintiff’s common-law negligence cause of action against *333 Dale would have been dismissed since his act of sliding down the fire pole was an act taken in furtherance of a specific firefighting function which exposed the firefighter to a heightened risk of sustaining the injury (Zanghi v Niagara Frontier Transp. Commn., supra). As previously indicated, however, this has been changed by General Obligations Law § 11-106 and plaintiffs common-law negligence causé of action is a viable one.
Kassoff, P. J., Chetta and Patterson, JJ., concur.