■ CHRIS D'ARPA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [656 NYS2d 638] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered January 31, 1996, which, insofar as appealed from as limited by defendant's brief, denied defendant's motion for summary judgment dismissing plaintiffs' cause of action under General Municipal Law § 205-e, unanimously modified, on the law, to dismiss so much of the section 205-e cause of action as is based on violations of Administrative Code of the City of New York §§ 27-375 and 27-381 and New York City Health Code (24 RCNY) § 153.19, and otherwise affirmed, without costs.

Plaintiff police officer alleges that he sustained personal injuries when he slipped on a bottle as he was descending the stairs of an elevated subway station while on routine foot patrol. The complaint contains two causes of action, the first for common-law negligence and the second under General Municipal Law § 205-e. Addressing itself to the negligence claim, defendant Authority concedes that the recently enacted amendment to General Municipal Law § 205-e adding subdivision (3) renders it viable (L 1996, ch 703, § 2); addressing itself to the section 205-e claim, defendant argues that it does not apply since the injury resulted from a risk not associated with the particular dangers inherent in police work. We disagree that plaintiff has no cause of action under section 205-e. As that section now reads, a cause of action thereunder is "[i]n addition to any other right of action or recovery under any other provision of law" (subdivision [1]) "regardless of whether the [predicate statutory provision] codifies a common-law duty * * * [or] prohibit[s] activities or conditions which increase the dangers inherent in the work of [the police] officer" (subdivision [3]). Accordingly, given a predicate statutory violation, plaintiff can recover for this slip and fall under section 205-e (see, DiFlorio v Van Slyke, 234 AD2d 961; Johnson v Jack, 233 AD2d 807). Concerning the alleged statutory violations, we reject defendant's contentions that a subway station is not a "building" as defined by Administrative Code § 27-232, and that it is not subject to Transportation Law § 96 as a public benefit corporation. However, Administrative Code §§ 27-375 and 27-381, which pertain only to the construction and lighting of stairways, and New York City Health Code (24 RCNY) § 153.19, which refers only to outside areas adjoining buildings,

are inapplicable to plaintiff's claim that he slipped on a bottle on a subway station's interior staircase, and his section 205-e claim should be dismissed insofar as based thereon. We have not reviewed any statutes, ordinances or rules as yet unpleaded. We have reviewed defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.