■ JEFFREY WARNER et al., Appellants, v ADELPHI UNIVERSITY et al., Respondents. [660 NYS2d 50] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated November 13, 1995, as denied that branch of their cross motion which was to strike the defendants' first affirmative defense insofar as it relates to the causes of action asserted pursuant to General Municipal Law § 205-e.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' cross motion which was to strike the defendants' first affirmative defense insofar as it relates to the causes of action asserted pursuant to General Municipal Law § 205-e is granted.

On March 1, 1992, at approximately 5:30 P.M., Garden City police officer Jeffrey Warner was responding to a radio call. He was traveling west on South Avenue at a speed between 45 and 50 miles an hour, which was in excess of the 30-miles-per-hour posted speed limit, when a van pulled out of a driveway on the campus of the defendant Adelphi University (hereinafter the University), made a left turn onto South Avenue, and proceeded westbound. As the van approached the main gate, its brake lights came on and it started to slow. When Warner pulled out, trying to pass it, the van made a left turn in front of Warner's vehicle. To avoid a collision, Warner applied the brakes and turned the steering wheel to the left, but his vehicle struck a curb, then a mailbox, and came to a stop in a row of hedges.

Warner and his wife brought this action against the University, which was the owner of the van, and the driver. They asserted a cause of action sounding in common-law negligence and a claim pursuant to General Municipal Law § 205-e, alleging violations of various sections of the Vehicle and Traffic Law. The defendants, in their answer, interposed various affirmative defenses, including Warner's own culpable conduct. The plaintiffs sought to strike that defense, arguing that General Municipal Law § 205-e is a strict liability statute. The Supreme Court concluded that where, as here, the statutory action was predicated on a violation of the Vehicle and Traffic Law rather than a violation of a statute imposing premises-based liability irrespective of negligence, a defendant should be permitted to interpose the plaintiff's own culpable conduct as a defense. We reverse.

While this appeal was pending, on October 9, 1996, effective immediately, General Municipal Law § 205-e was amended so as to reaffirm the Legislature's intention to provide a right of recovery thereunder "regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department" (L 1996, ch 703, § 2; see also, L 1996, ch 703, § 6). The Legislature, recognizing that "police officers are required to confront dangerous conditions under many and varied circumstances", explained that the amendments were intended "to ensure once and for all that section 205-e of the general municipal law is applied by the courts in accordance with its original legislative intent to offer an umbrella of protection for police officers, who, in the course of their many and varied duties, are injured by the negligence of anyone who violates any relevant statute, ordinance, code, rule and/or regulation" (L 1996, ch 703, § 1).

As the Court of Appeals observed with respect to General Municipal Law § 205-a, the companion provision to § 205-e, which is applicable to firefighters, "although a plaintiff's contributory negligence is generally a defense to a negligence action based upon a statutory violation, such is *not* the case when 'the effect of the statute is to *place the entire responsibility* for such harm as has occurred upon the defendant' (Restatement [Second] of Torts § 483 [emphasis supplied])" (*Mullen v Zoebe, Inc.*, 86 NY2d 135, 142). The Legislature has not distinguished between a cause of action to recover damages for premises-

based and nonpremises-based liability, and the cross motion to strike the first affirmative defense based on such a distinction must be granted. Bracken, J. P., Santucci, Krausman and Mc-Ginity, JJ., concur.