■ KATHLEEN M. DUBOIS et al., Appellants, v VERNA M. VANDERWALKER et al., Respondents. [665 NYS2d 460] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered November 1, 1996 in Madison County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Kathleen M. Dubois (hereinafter plaintiff), a State Trooper, sustained the injuries forming the basis for this action in a January 18, 1992 automobile collision which took place on the Thruway during a severe snow storm. At the time, plaintiff was sitting in the front seat of a marked patrol car which was parked on the shoulder of the highway. That vehicle and another State Police patrol car that was parked in front of it had their emergency flashers and rooftop bar lights activated and were further illuminated by flares that had been placed in the ground along the side of the roadway. Defendant Verna M. Vanderwalker (hereinafter defendant) was operating a vehicle in the right eastbound lane of the Thruway. The collision occurred as defendant tried to drive around the police vehicles and went into a skid and struck the patrol car occupied by plaintiff.

The complaint pleads causes of action alleging common-law negligence, liability under General Municipal Law § 205-e and for derivative damages. The answer pleads seven affirmative defenses including failure to state a cause of action, the emergency doctrine, accident caused by nonactionable skidding, assumption of risk, comparative negligence, culpable conduct and, finally, that the relief demanded by plaintiff is against public policy, i.e., barred by the "firefighters rule". Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Plaintiffs cross-moved for an order striking defendants' first, second, fourth, fifth, sixth and seventh affirmative defenses. Supreme Court granted defendants' motion* and denied plaintiffs' cross motion. Plaintiffs now appeal from so much of Supreme Court's order as dismissed their second cause of action and denied their cross motion.

Initially, we agree with plaintiffs that Supreme Court erred in dismissing their second cause of action. As relevant, General Municipal Law § 205-e (1) provides: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury * * * which * * * occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any [statute] the person or persons guilty of said neglect, omission, willful or culpable

---

* Although not developed in the record on appeal, it appears that following the enactment of General Obligations Law § 11-106 in 1996 (see, L 1996, ch 703), Supreme Court granted reargument and reinstated plaintiffs' negligence cause of action and, assumedly, so much of the derivative cause of action as is derived therefrom.

negligence at the time of such injury * * * shall be liable to pay [damages to] any officer * * * of any police department injured * * * in the discharge or performance [of her police duties]." Here, it is plaintiffs' position that liability under General Municipal Law § 205-e (1) was triggered by defendant's violation of Vehicle and Traffic Law §§ 1102, 1128, 1131 and 1180 (a) and (e). However, based upon uncontroverted evidence concerning the very poor driving conditions in effect at the time of the collision, the fact that defendant was operating her vehicle at a speed of approximately 35 to 40 miles per hour and defendant's explanation that upon observing the parked patrol vehicles she took her foot off the accelerator and tried to steer to the left but her vehicle did not respond to her steering efforts and instead went into a skid toward the police cars, Supreme Court concluded that the evidence made out no violation of Vehicle and Traffic Law §§ 1131 or 1180 as a matter of law. We disagree.

It is now clear that Vehicle and Traffic Law violations will support a finding of liability under General Municipal Law § 205-e (see, Hudson v Boutin, 239 AD2d 624, 625; DiFlorio v Van Slyke, 234 AD2d 961; Malsky v Towner, 196 AD2d 532; Costantini v Benedetto, 190 AD2d 888). It is also "well established that evidence of skidding and leaving the traveled portion of the highway * * * is some evidence of negligence and is sufficient to create an issue of fact for the jury to resolve" (Jump v Jump, 69 AD2d 947, 948, affd 49 NY2d 783; see, Pfaffenbach v White Plains Express Corp., 17 NY2d 132; Vadala v Carroll, 91 AD2d 865, affd 59 NY2d 751). That being the case, the mere happening of the collision outside of defendant's authorized lanes of travel created an issue of fact, regardless of the persuasiveness of defendant's explanation (see, Noia v De Rosa, 78 AD2d 789, 790, affd 54 NY2d 631; Fagle v Bell, 65 AD2d 887, 888). A legitimate factual issue having been presented as to whether defendant was negligent in operating her vehicle at a rate of speed that was excessive for the weather conditions (see, Vehicle and Traffic Law § 1180 [a], [e]) and in sliding off the side of the road (see, Vehicle and Traffic Law § 1131), Supreme Court erred in dismissing plaintiffs' second cause of action.

Turning briefly to plaintiffs' cross motion, we first note that because a defense of failure to state a cause of action is at most "harmless surplusage" which need not be struck in order to protect a plaintiff's interests, we cannot fault Supreme Court for refusing to dismiss it (Pump v Anchor Motor Frgt., 138 AD2d 849, 851). However, because General Municipal Law

§ 205-e imposes strict liability (*see, Warner v Adelphi Univ.*, 240 AD2d 730; *see also, Mullen v Zoebe, Inc.*, 86 NY2d 135 [applicable to General Municipal Law § 205-a]), the fourth, fifth and sixth affirmative defenses asserting plaintiff's assumption of risk, contributory negligence and culpable conduct, respectively, should have been struck (*see, id.*) as defenses to plaintiffs' second cause of action. Finally, as already recognized by Supreme Court, the affirmative defense founded upon the "firefighters rule" was rendered meritless by the enactment of General Obligations Law § 11-106 and should have been struck.

Those of defendants' additional contentions as have not been discussed have been considered and found lacking in merit.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the second cause of action of the complaint and denied plaintiffs' cross motion for summary judgment dismissing defendants' fourth, fifth, sixth and seventh affirmative defenses; defendants' motion denied and plaintiffs' cross motion granted to such extent; and, as so modified, affirmed.