■ JAMES O'CONNOR, Respondent, et al., Plaintiff, v CITY OF NEW YORK et al., Appellants. [719 NYS2d 656] —Judgment, Supreme Court, New York County (Norman Ryp, J., and a jury), entered on or about August 10, 1999, awarding damages to plaintiff police officer in an action for personal injuries he brought against, among others, the City and a fellow police officer, unanimously affirmed, without costs.

The weight of the evidence permits findings that plaintiff's fellow police officer, while driving an unmarked vehicle that was not equipped with a turret light or siren and in which plaintiff was sitting in the front passenger seat, approached the intersection where the accident occurred at high speed against the flow of traffic on a one-way street, and then entered the intersection without blowing the horn or giving any other type of warning, and without slowing down. Such findings are sufficient to support the conclusion that the fellow police officer was reckless within the meaning of Vehicle and Traffic Law § 1104, the statutory predicate for plaintiff's General Municipal Law § 205-e claim (*see, Gonzalez v Iocovello*, 93 NY2d 539, 551; *Crapazano v County of Nassau*, 272 AD2d 363). An internal Police Department "Chief of Department Memo" indicating that officers should use portable flashing lights on unmarked cars was properly admitted into evidence, as qualified by a specific jury instruction that the memorandum was not a rule, regulation or requirement within the meaning of General Municipal Law § 205-e, and thus was not a statutory predicate for that cause of action, and could be considered only as some evidence of recklessness along with all other factors (*see, Saarinen v Kerr*, 84 NY2d 494, 503, n 3). The trial court also properly refused to charge the jury on plaintiff's alleged comparative fault, since General Municipal Law § 205-e remains a strict liability statute (*see, Warner v Adelphi Univ.*, 240 AD2d 730 [2d Dept]; *Dubois v Vanderwalker*, 245 AD2d 758, 760-761 [3d Dept]), and properly charged the jury with the correct standard of care under Vehicle and Traffic Law § 1104. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.