■ Yu Guo Hu, Respondent, v Dahlia Travel & Tours et al., Appellants. [785 NYS2d 457]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 15, 2004, which, in an action by a bus passenger for personal injuries sustained when the bus fell over on its side, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of defendants bus owner's and bus driver's liability, unanimously affirmed, without costs.

In support of his cross motion for summary judgment, plaintiff adduced evidence that the road conditions were slick and slushy as a result of a fresh snowfall of 6.5 inches; that the accident occurred as the bus approached a curve at approximately 65 miles an hour; and that defendant driver pleaded guilty to a New Jersey summons issued to him on the day of the accident for "careless driving," accepting a $200 fine and a 30-day suspension of his license. This evidence constitutes a prima facie showing of negligence so convincing as to warrant summary judgment if not rebutted by other evidence (*see Horowitz v Kevah Konner, Inc.*, 67 AD2d 38, 41 [1979]; *cf. Mitchell v Gonzalez*, 269 AD2d 250, 251 [2000]). Defendants fail to adduce

such evidence. The driver asserts that it had stopped snowing but admits that "some portions" of the road were still wet, and does not deny that he was traveling 65 miles an hour and had fishtailed and splashed slush down the road. Summary judgment was properly granted, there being no competent evidence to suggest that the cause of the accident was anything other than the operation of the bus at a speed that, although perhaps within the posted speed limit of 65, was in excess of what the road conditions warranted (*see Pinkow v Herfield*, 264 AD2d 356, 357-358 [1999]; *compare Ebanks v Triboro Coach Corp.*, 304 AD2d 406 [2003], citing *Noia v De Rosa*, 78 AD2d 789 [1980], *affd* 54 NY2d 631 [1981]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.