■ MARITZA BERMUDEZ, Respondent, v CITY OF NEW YORK et al., Appellants. [887 NYS2d 221]—

In an action, inter alia, to recover damages for personal injuries pursuant to General Municipal Law § 205-e, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated June 17, 2008, as denied that branch of their motion which was for leave to reargue their opposition to the plaintiff's prior motion, in effect, for summary judgment on the issue of liability on the second cause of action alleging a violation of General Municipal Law § 205-e, and for summary judgment dismissing the defendants' affirmative defenses of the plaintiff's culpable conduct and assumption of risk, which had been granted in an order dated February 13, 2008, and as, upon renewal, adhered to the original determination in the order dated February 13, 2008.

Ordered that the appeal from so much of the order as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929 [2008]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, upon renewal, the order dated February 13, 2008, is vacated, and thereupon, the plaintiff's motion for summary judgment on the issue of liability on the second cause of action alleging a violation of General Municipal Law § 205-e, and for summary judgment dismissing the defendants' affirmative defenses of the plaintiff's culpable conduct and assumption of risk, is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Upon renewal, the Supreme Court should not have adhered to its original determination, in effect, awarding the plaintiff summary judgment on the issue of liability on the second cause of action alleging a violation of General Municipal Law § 205-e and for summary judgment dismissing the defendants' affirmative defenses of culpable conduct and assumption of risk. The new facts presented to the Supreme Court on the renewed motion, i.e., the affidavit of the defendant Christopher Johnson, who was operating the vehicle in which the plaintiff was a passenger at the time of the occurrence, demonstrated the existence of a triable issue of fact. The plaintiff's motion for summary judgment on the issue of liability was based upon a violation of General Municipal Law § 205-e which, as is relevant here, provides a right of action for police officers who sustain injuries as a result of the negligence of another in failing to comply with a statute (*see Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). While the plaintiff, a New York City Police Department Detective, alleged, inter alia, that the defendant Christopher Johnson, also a New York City Police Department Detective, drove through a stop sign in violation of Vehicle and Traffic Law § 1172 (a), Johnson's affidavit specifically denied any failure to stop at the stop sign. In fact, he expressly stated that he made a full stop at the subject intersection. Thus, a triable issue of fact was raised as to whether Johnson committed any traffic violation (*see Dubois v Vanderwalker*, 245 AD2d 758 [1997]), and, upon renewal, the plaintiff's motion, in effect, for summary judgment on the issue of liability on the second cause of action and for summary judgment dismissing the defendant's affirmative defenses should have been denied.

The parties' remaining contentions either are without merit, are dehors the record, have been rendered academic by our determination, or are otherwise not properly before us on this appeal. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.