Peppiatt & Markowitz, D.D.S., Respondent, 
against
Mary Newman, Appellant.



Consolidated appeals from a judgment of the District Court of Suffolk County, First District (Vincent J. Martorana, J.), entered April 22, 2014, and from two orders of the same court, dated respectively, January 28, 2015 and March 24, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $7,700 and dismissed defendant's counterclaim. The order dated January 28, 2015 denied defendant's motion to vacate the judgment. The order dated March 24, 2015 denied defendant's motion, in effect, for leave to reargue the prior motion.




ORDERED that the judgment is reversed, without costs, the counterclaim is reinstated and the matter is remitted to the District Court for a new trial; and it is further,
ORDERED that the appeals from the orders are dismissed as moot and, with respect to the order entered March 25, 2015, on the additional ground that no appeal lies from an order denying reargument (see Bermudez v City of New York, 66 AD3d 724 [2009]).
In this action to recover the balance of dental fees due for services rendered by plaintiff, defendant appeals from a judgment, after a nonjury trial, awarding plaintiff the principal sum of $7,700 and dismissing her counterclaim for a refund of the amount she had paid plaintiff, which counterclaim had been based on her assertion that plaintiff had failed to provide the services outlined in their contract. On appeal, defendant contends that the District Court erroneously precluded defendant's expert from testifying as an expert witness.
Whether testimony by an expert is admissible on a particular point is a mixed question of law and fact addressed primarily to the discretion of the trial court (see Selkowitz v Nassau County, 45 NY2d 97 [1978]). As a general rule, the expert should be permitted to offer an opinion on an issue which involves "professional or scientific knowledge or skill not within the range of ordinary training or intelligence" (Dougherty v Milliken, 163 NY 527, 533 [1900]). Consequently, expert testimony has been held to be admissible not only to explain highly technical medical or surgical questions (e.g. Meiselman v Crown Hgts. Hosp., 285 NY 389 [1941]), but also to clarify a wide range of issues calling for the application of accepted professional standards and procedures (see Matott v Ward, 48 NY2d 455 [1979]).
Here, it was error for the District Court to preclude defendant's expert from offering expert testimony to clarify whether the procedures that were involved in the dental work performed by plaintiff were properly performed pursuant to the contract and within accepted professional standards (see id.), as defendant's witness was an expert and his testimony was necessary due to the complexity of the issues involved.
Accordingly, the judgment is reversed, the counterclaim is reinstated and the matter is remitted to the District Court for a new trial.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: February 15, 2017