■ James Johnson et al., Appellants, v City of New York et al., Respondents. [58 NYS3d 513]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Velasquez, J.), entered May 8, 2015, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs allegedly were injured when a vehicle they occupied was involved in an accident with another vehicle. The other vehicle was being followed by a police vehicle operated by a police captain in his capacity as an officer with the New York City Police Department (hereinafter the NYPD). The plaintiffs commenced this action against the City of New York and the NYPD. After a jury trial, the jury returned a verdict in favor of the defendants.

"A jury verdict should not be set aside as contrary to the

weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Coma v City of New York*, 97 AD3d 715, 715 [2012]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 136 [1985]). Contrary to the plaintiffs' contentions, there was sufficient evidence adduced at trial from which the jury could conclude that the captain did not act with reckless disregard for the safety of others when he was operating the police vehicle on the date of the subject accident (*see* Vehicle and Traffic Law § 1104 [e]; *Frezzell v City of New York*, 24 NY3d 213, 217-219 [2014]). Accordingly, the verdict was supported by a fair interpretation of the evidence.

Moreover, the trial court providently exercised its discretion by not admitting the NYPD Patrol Guide into evidence, as the patrol guide imposed a higher standard of conduct on the defendants than that imposed by law (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 329 [1991]; *Crosland v New York City Tr. Auth.*, 68 NY2d 165, 168 [1986]). Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.