580-585 Realty, LLC, Respondent,
against
Vladimir Keselman, Appellant, and Yelizabeth Keselman, Tenant.




Vladimir Keselman, appellant pro se.
Rosenblum & Bianco, LLP (Joan Rubel of counsel), for respondent.

Appeals from orders of the Civil Court of the City of New York, Kings County (Thomas M. Fitzpatrick, J.), entered January 26, 2015 and July 21, 2015, respectively. The order entered January 26, 2015, insofar as appealed from, denied the branch of a motion by tenant Vladimir Keselman seeking summary judgment on his counterclaim for rent overcharge. The order entered July 21, 2015 denied a motion by tenant Vladimir Keselman for leave to reargue and renew that branch of his prior motion.




ORDERED that so much of the appeal as is from the portion of the order entered July 21, 2015 that denied reargument is dismissed; and it is further,
ORDERED that the order entered January 26, 2015, insofar as appealed from, and the order entered July 21, 2015, insofar as reviewed, are affirmed, without costs.
In July 2014, landlord commenced this nonpayment proceeding against rent-stabilized tenants Vladimir Keselman and Yelizabeth Keselman. Vladimir Keselman (tenant) answered, asserting, among other things, a defense and counterclaim based on rent overcharge. Thereafter, tenant moved for summary judgment dismissing the petition and on his counterclaim for rent overcharge. In support of the motion, tenant provided a copy of a Division of Housing and Community Renewal (DHCR) rent reduction order, issued April 29, 1996, which had reduced the monthly rent to $447.32. Tenant alleged that landlord had not requested restoration of the rent prior to the commencement of this proceeding. In addition, tenant relied upon the apartment registration information on file with DHCR to establish the counterclaim for rent overcharge. In an order entered January 26, 2015, the Civil Court granted the branch of tenant's motion seeking summary judgment dismissing the petition and denied the branch of tenant's motion seeking summary judgment on the counterclaim for rent overcharge. Insofar as is relevant to this appeal, the court found that tenant had failed to provide proof establishing that he had paid, or that landlord had collected, more than the reduced rent in the sum of $447.32. Tenant appeals from so much of that order as denied the branch of his motion seeking summary judgment on his counterclaim for rent overcharge.
Thereafter, tenant moved for leave to reargue and renew the branch of his prior motion seeking summary judgment on the counterclaim for rent overcharge. In support of the motion, tenant averred that he was now submitting evidence of the overcharge, which had been available to him at the time he had made the initial motion for summary judgment but which he had not provided at that time because he had chosen to reserve the evidence for a separate hearing. By order entered July 21, 2015, the Civil Court denied the motion.
With respect to so much of the January 26, 2015 order as denied the branch of tenant's motion seeking summary judgment on the counterclaim for rent overcharge, upon a review of the record, we find that tenant's proof did not establish that rent had been paid during the period in question which allegedly exceeded the reduced rent determined by DHCR (see generally Licorish v Nor-Win Realty Corp., 13 Misc 3d 130[A], 2006 NY Slip Op 51839[U] [App Term, 1st Dept 2006]).
With respect to the order entered July 21, 2015, so much of the appeal as is from the portion thereof that denied the branch of tenant's motion seeking reargument is dismissed, as no appeal lies from the denial of reargument (see Liang v Yi Jing Tan, 155 AD3d 1022 [2017]; Bermudez v City of New York, 66 AD3d 724 [2009]).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see Cadman Towers, Inc. v Kaplan, 54 Misc 3d 140[A], 2017 NY Slip Op 50159[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Since tenant failed to provide a reasonable justification for failing to present any of the alleged new facts, which had been available to him on the original motion for summary judgment, leave to renew was properly denied (see Semenov v Semenov, 98 AD3d 962 [2012]).
Accordingly, so much of the appeal as is from the portion of the order entered July 21, 2015 that denied reargument is dismissed, and the order entered January 26, 2015, insofar as appealed from, and the order entered July 21, 2015, insofar as reviewed, are affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018