Foster v Suffolk County Police Dept. (2021 NY Slip Op 05956)





Foster v Suffolk County Police Dept.


2021 NY Slip Op 05956


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-05633
 (Index No. 4989/09)

[*1]Maureen Foster, etc., plaintiff-respondent,
v
Suffolk County Police Department, et al., appellants, John Licausi, defendant-respondent.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for appellants.
Ira Cooper, Carle Place, NY, for plaintiff-respondent.
John Licausi, Napanoch, NY, defendant-respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Suffolk County Police Department and County of Suffolk appeal from a judgment of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated March 8, 2018. The judgment, upon a jury verdict finding those defendants 15% at fault in the happening of the accident and the defendant John Licausi 85% at fault, is in favor of the plaintiff and against the defendants awarding damages.
ORDERED that the judgment is reversed, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial.
The plaintiff's decedent was killed when a vehicle driven by the defendant John Licausi struck his vehicle. At the time of and leading up to the crash, Licausi's vehicle was being pursued by a police vehicle driven by Police Officer Michael Bogliole. The plaintiff commenced the instant action to recover damages for wrongful death and loss of consortium against the Suffolk County Police Department, the County of Suffolk (hereinafter together the Suffolk County defendants), and Licausi.
Following a jury trial, the Supreme Court determined, as a matter of law, that Licausi was negligent and that his negligence was a substantial factor in causing the accident. Thereafter, the jury returned a verdict finding that Officer Bogliole operated his police vehicle with a reckless disregard for the safety of others, and that Officer Bogliole's reckless disregard was a substantial factor in bringing about the accident. The jury apportioned 85% fault to Licausi and 15% to Officer Bogliole, and awarded the plaintiff damages in the total sum of $1.5 million. Thereafter, judgment was entered in favor of the plaintiff and against the defendants. The Suffolk County defendants appeal.
The Suffolk County defendants are correct that the Supreme Court erred in admitting into evidence, without any limiting instruction, the Suffolk County Police Department Rules and Procedures on vehicular pursuits. An organization's internal rules or manuals, "to the extent they [*2]impose a higher standard of care than is imposed by law, are inadmissible to establish" a violation of the standard of care (Abraham v Port Auth. of N.Y. & N.J., 29 AD3d 345, 347; see Rivera v New York City Tr. Auth., 77 NY2d 322, 329; Johnson v City of New York, 152 AD3d 503, 504; Lesser v Manhattan & Bronx Surface Tr. Operating Auth., 157 AD2d 352, 356, affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth., 79 NY2d 1031).
Here, the rules and regulations at issue imposed a higher standard of care than the reckless disregard standard imposed by Vehicle and Traffic Law § 1104, which "'qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others'" (Wonderly v City of Poughkeepsie, 185 AD3d 632, 633, quoting Thomas v City of New York, 172 AD3d 1132, 1133). Thus, we conclude that the Supreme Court committed reversible error in admitting the internal rules without providing a limiting instruction that the rules could be considered only as some evidence of recklessness along with other factors (see O'Connor v City of New York, 280 AD2d 309, 309; Clarke v New York City Tr. Auth., 174 AD2d 268, 276; see also Saarinen v Kerr, 84 NY2d 494, 503 n 3).
In light of our determination, we need not reach the Suffolk County defendants' remaining contentions.
We do not address the arguments raised in Licausi's brief, as they are based on matter dehors the record.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court