Matter of Brodie v Alam (2022 NY Slip Op 50151(U))

[*1]

Matter of Brodie v Alam

2022 NY Slip Op 50151(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1546 K C

In the Matter of the Application of Tyrone
Brodie, Nathaniel Griffin, Ellison McKnight, Moses Witty, Michael Edwards, and Tyrell Peace,
etc., Appellants, 
against
Mazeda Alam, City of New York, PNC Mortgage A Division of PNC
Bank, National Association, Wells Fargo Bank National Association, and Department of
Housing Preservation and Development, Respondents. 

Veterans Justice Project of Brooklyn Legal Services (Vance Gathing of counsel), for appellants.
Corporation Counsel of the City of New York (Kevin Osowski and Jeremy W. Shweder of
counsel), for respondent DHPD.
Bass Associates of NY, PLLC (no brief filed), for respondent Mazeda Alam.

Appeals from an order of the Civil Court of the City of New York, Kings County (Jeannine
B. Kuzniewski, J.; op 62 Misc 3d 1214[A], 2018 NY Slip Op 51966[U] [2018]), dated October
15, 2018, and from an order of that court dated May 31, 2019. The order dated October 15, 2018,
insofar as appealed from, denied tenants' cross motion for summary judgment in a proceeding for
the appointment of an administrator pursuant to RPAPL 778, and, upon searching the record,
dismissed their petition. The order dated May 31, 2019 denied tenants' subsequent motion for, in
effect, leave to reargue and/or renew their cross motion for summary judgment.

ORDERED that the order dated October 15, 2018, insofar as appealed from, is affirmed,
without costs; and it is further;
ORDERED that the appeal from the order dated May 31, 2019 is dismissed.
Six tenants, living in separate units, commenced this proceeding for the appointment,
pursuant to RPAPL 778, of a 7-A administrator in order to maintain the subject building, which,
pursuant to the certificate of occupancy, is a legal two-family house. The petition alleges, among
other things, that there were several class B violations imposed by the New York City
Department of Housing and Preservation Development (HPD) for illegal occupancy in at least
four of their units, not including the cellar units which were the subject of a separate New York
[*2]City Department of Buildings vacate order. HPD moved for
summary judgment dismissing the petition and tenants cross-moved for summary judgment
appointing a 7-A administrator. In an order dated October 15, 2018, the Civil Court (Jeannine B.
Kuzniewski, J.) denied tenants' cross motion and, upon searching the record, dismissed their
petition (see CPLR 3212 [b]), and denied HPD's motion as moot (Matter of Brodie v
Alam, 62 Misc 3d 1214[A], 2018 NY Slip Op 51966[U] [Civ Ct, Kings County 2018]). In an
order dated May 31, 2019, the Civil Court denied tenants' motion for, in effect, leave to reargue
and/or renew their prior cross motion for summary judgment.
The appeal from the order dated May 31, 2019 is dismissed as abandoned as there are no
issues raised in tenants' brief with respect to that order (see Sirma v Beach, 59 AD3d 611 [2009]; B.Y., M.D., P.C. v Lancer Ins. Co., 26
Misc 3d 146[A], 2010 NY Slip Op 50493[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2010]). Moreover, no appeal lies from the denial of reargument (see Liang v Yi Jing Tan, 155 AD3d
1022 [2017]; Bermudez v City of
New York, 66 AD3d 724 [2009]).
We need not reach the issue of whether the grounds for the appointment of a 7-A
administrator have been met or that funds were available to conduct the repairs tenants alleged
were required since, in any event, the Civil Court correctly determined that the appointment of a
7-A administrator would be futile. The administrator would not be able to properly repair and
maintain the premises without evicting most, if not all, of the tenants who commenced the
proceeding. Indeed, even assuming such repairs were possible, many of those tenants would not
be able to move back in due to the legal status of the building as a two-family house (see
McGovern v 310 Riverside Corp., 49 AD2d 949, 949 [1975]). Nonetheless as the lower
court cautioned, the respondent landlord, "is still legally obligated . . . to correct the violations of
record, to maintain all essential services and to not engage in any conduct that falls within the
definition of harassment under the NYC Administrative Code" (Matter of Brodie v Alam,
2018 NY Slip Op 51966[U], *3).
Accordingly, the order dated October 15, 2018, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022