People v Heckman (2022 NY Slip Op 51107(U))

[*1]

People v Heckman (Diane)

2022 NY Slip Op 51107(U) [77 Misc 3d 127(A)]

Decided on October 20, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 20, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1364 N C

The People of the State of New
York, Respondent,
against
Diane Heckman, Appellant. 

Diane Heckman, appellant pro se.
Nassau County Attorney (Samantha A. Goetz of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, Nassau County Traffic
and Parking Violations Agency (Edward A. Maron, J.H.O.), entered August 21, 2019.
The order denied defendant's motion for leave to renew and reargue an order of that court
(John P. O'Shea, J.H.O.) dated May 15, 2019 denying her motion to dismiss the notice of
liability.

ORDERED that so much of the appeal as is from the portion of the August 21, 2019
order denying the branch of defendant's motion seeking leave to reargue is dismissed, as
no appeal lies from an order denying a motion for leave to reargue; and it is further,
ORDERED that the order entered August 21, 2019, insofar as reviewed, is affirmed,
without costs.
Defendant was served with a notice of liability pursuant to Vehicle and Traffic Law
§ 1111-b and Local Law No. 12-2009 of the County of Nassau. The notice alleges
that a vehicle owned by defendant was photographed failing to stop at a red light on
September 22, 2018 at 4:28 p.m., while traveling at the intersection of westbound
Hempstead Turnpike and New York Avenue / Poplar Street, in violation of Vehicle and
Traffic Law § 1111 (d). Defendant moved to dismiss the notice of liability and, by
order dated May 15, 2019, the court (John P. O'Shea, J.H.O.) denied the motion.
Defendant then moved for leave to renew and reargue. By order entered August 21,
2019, the court (Edward A. Maron, J.H.O.) denied the motion. Defendant [*2]appeals from the August 21, 2019 order.
The appeal from so much of the August 21, 2019 order as denied the branch of
defendant's motion seeking leave to reargue her prior motion to dismiss the notice of
liability must be dismissed, as no appeal lies from an order denying a motion for leave to
reargue (see Bermudez v City of New York, 66 AD3d 724 [2009]; Malik v
Campbell, 289 AD2d 540 [2001]).
A motion for leave to renew must "be based upon new facts not offered on the prior
motion that would change the prior determination or [must] demonstrate that there has
been a change in the law that would change the prior determination" (CPLR 2221 [e]
[2]). Defendant failed to demonstrate any basis upon which to grant her leave to renew.
She asserted no new facts in support of her motion and failed to demonstrate that there
had been a change in the law that would change the prior determination (see
CPLR 2221 [e] [2]; People v Quesada, 177 AD3d 774, 775 [2019]; Dimery v
Ulster Sav. Bank, 116 AD3d 731, 732 [2014]).
Accordingly, the order entered August 21, 2019, insofar as reviewed, is
affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 20,
2022