CARL YEARGANS, Respondent, v. HEDDA YEARGANS, Appellant.

First Department, December 21, 1965.

*Bernard Meyerson* of counsel (*Gordich & Cohen,* attorneys), for appellant.

*Peter Kolbrenner* and *Norman H. Dachs* of counsel (*Jocknowitz & Jocknowitz,* attorneys), for respondent.

*Per Curiam.* In this action for damages for personal injuries received August 12, 1961 by plaintiff, a passenger, when a car owned and operated by the defendant ran off the road and struck a tree, reversal is directed and a new trial ordered. The charge presented to the jury a theory contrary to that advanced by plaintiff in his bill of particulars and similarly advanced at the trial, in addition to the one so advanced. That was error. The verdict being a general one, it is impossible to determine upon what theory recovery was actually allowed. (*Clark* v. *Board of Educ., of City of N. Y.,* 304 N. Y. 488, 490; *Fein* v. *Board of Educ. of City of N. Y.,* 305 N. Y. 611, 613.) It was also prejudicial error to exclude the motor vehicle report offered by the defendant when the report tended to contradict the version of the accident given by the defendant in a deposition before trial. CPLR 3117 (subd. [d]) specifically provides '' at the

trial, any party may rebut any relevant evidence contained in a deposition, whether introduced by him or by any other party." It may be noted that the deposition was first used by the plaintiff in his case in chief and was not used to contradict or impeach the defendant deponent who had not yet testified. (See CPLR 3117, subd. [d].) The motor vehicle report filed August 14, 1961 by defendant contained a version as to the cause of the accident which differed from that given by defendant in her examination before trial. When injuries are suffered in an automobile accident in the State of New York, or the property damage exceeds a specified amount, a report is required to be filed with the Motor Vehicle Commissioner (Vehicle and Traffic Law, § 605). This report becomes a public document (Public Officers Law, § 66-a). Under certain circumstances it could be received in evidence as a public document and used to impeach the witness. While the Motor Vehicle report offered was one filed in Vermont, there was no evidence to indicate that it should be regarded other than as a public document. Moreover, the trial court was empowered to take judicial notice of applicable Vermont law (CPLR 4511).

It was also prejudicial error under the circumstances of this case to receive the police report in evidence. The police officer, John J. Ryan, a member of the Bennington, Vermont, Police Department, was never called to testify and there is no indication in the report save by possible inference as to his source or sources for the information recorded. Moreover, the report was admitted before that portion of defendant's deposition was read, in which defendant stated she had given the information appearing in such report.

Of course reports of police officers made upon their own observation and while carrying out their police duties are generally admissible in evidence. (*Trbovich* v. *Burke*, 234 App. Div. 384.) In that case the police blotter was admitted in evidence, the court finding proof that the entries were made on the basis of the officer's communications. The court also pointed out, however, that the jury should have been instructed that the only value of the entries "was in showing what Officer Ciulis reported shortly after the accident and that if the entries were not found to have been based on Officer Ciulis' communication, the entries were pure hearsay and entitled to no weight" (p. 385). Police reports have consistently been held inadmissible to establish the main fact where the information contained in the police blotter came from witnesses not engaged in the police business in the course of which the memorandum was made (*Johnson* v. *Lutz*, 226 App. Div. 772, affd. 253 N. Y. 124),

or where the employee giving the information (in addition to the bystander witnesses) "had every reason to give a biased and false report" (*Needle* v. *New York Rys. Corp.*, 227 App. Div. 276, 278). In that case the information had been obtained from the defendant motorman. In *Zaulich* v. *Thompkins Sq. Co.* (10 A D 2d 492) the officer testified to what the plaintiff had told him and also to his own physical observations made upon arrival at the scene. He testified also that he had made an entry in the memorandum book which he was required by the rules of the Police Department to carry on his person, thereafter telephoning such information to the station house and at the end of his tour of duty examined and signed the report made from the information given. Both the report and the memorandum were excluded. This court in reversing said (p. 496): "it seems clear that the police report was admissible as a record made in the regular course of business pursuant to section 374-a of the Civil Practice Act" (now CPLR 4518). The court also observed that since the record supported an inference that the testimony was assailed as a possible recent fabrication the exclusion from evidence of the police officer's report and memorandum book to bolster the officer's testimony constituted prejudicial error (p. 497). In this case the officer did not testify, nor did he witness the accident. For a discussion as to the purpose of section 374-a of the Civil Practice Act see *Williams* v. *Alexander* (309 N. Y. 283, 286–287 [FULD, J.]) ; see, also, *Matter of City of N. Y. (5th Ave. Coach)* (42 Misc 2d 319) discussing CPLR 4518 as a restatement, in substance, of section 374-a of the Civil Practice Act. (Cf. *Kelly* v. *Wasserman*, 5 N Y 2d 425, where Department of Welfare records consisting of a memorandum of conversations with the defendant were admissible to impeach the defendant even though he was the plaintiff's witness. Cf. *Coppola* v. *Melvin*, 241 App. Div. 611, 612; *Matter of Roge* v. *Valentine*, 280 N. Y. 268, 278. See, generally, 5 Wigmore, Evidence [3d ed.], § 1530 *et seq.*; 5 Bender's New York Evidence, § 375. But in *Wilson* v. *Bungalow Bar Corp. of America*, 285 App. Div. 1191, where the report was not based upon the police officer's own knowledge but upon information obtained from the driver of the truck involved in the accident, there was a limitation on the use of the police report to impeach the officer's testimony.) In the case before us the plaintiff simply offered a certified copy of the police report of an officer of a foreign State and the court received it. The court put no limitations in its charge upon the use or purpose for which the report was received. No exception was taken to the charge by the defendant

284

except as to a portion referring to contributory negligence of the plaintiff.

On this record and in the interest of justice, the judgment appealed from should be reversed on the law and a new trial ordered, with costs to abide the event.

McNALLY, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; BOTEIN, P. J., votes to affirm; RABIN, J., concurs in result.

Judgment reversed on the law, and a new trial ordered, with $50 costs to abide the event.