■ JOSEPH GAGLIANO, Appellant, v ELSIE VACCARO, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals

from a judgment of the Supreme Court, Queens County (Levitt, J.), entered September 30, 1982, which was in favor of defendant, upon a jury verdict. Judgment reversed, and new trial granted, with costs to abide the event. Plaintiff received personal injuries when, at an intersection, the bicycle he was riding allegedly was struck by a motor vehicle owned and operated by defendant. Plaintiff claimed at trial that the light was green in his favor when he entered the intersection. Defendant testified that the light was green in her favor when she entered the intersection. Over the objection of plaintiff's attorney, a copy of a New York City police accident report was admitted in evidence. The report contained the following statement, which is attacked as constituting inadmissible hearsay: "Veh #1 Traveling N/Bound on Pk La. South with green Signal Light Struck Bicyclist Traveling South From Monument Dr to Myrtle Ave." There was no entry on the report to indicate from whom this information came. The police officer who prepared the report was not an eyewitness to the accident. He died prior to the time of trial and was therefore unavailable to elucidate the source for the information. It may have been supplied by defendant, by plaintiff, by an unidentified eyewitness, or by some combination of these persons. Since the source of the information in the police report was not identifiable except by possible inference, it was error to admit the report. (See *Murray v Donlan,* 77 AD2d 337, app dsmd 52 NY2d 1071; *Yeargans v Yeargans,* 24 AD2d 280.) There was no testimony establishing who made the statement, whether that person or persons was under a business duty to make it, or whether some other hearsay exception would render the statement admissible, e.g., a party admission. (See *Murray v Donlan, supra.*) Since the question of which party had the green light was critical to this case, we hold that the admission in evidence of the police accident report containing a conclusory statement on this issue constituted prejudicial error. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.