In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated September 15, 2011, which, after a hearing, dismissed his petition. By decision and order of this Court dated November 21, 2012, the matter was remitted to the Family Court, Kings County, for a reconstruction hearing with respect to those proceedings conducted in the above-entitled case on July 27, 2011, which could not be transcribed, and thereafter to report to this Court with all convenient speed, and the appeal was held in abeyance in the interim. The transcript of those proceedings has subsequently been found and filed with this Court.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings on the petition.
A family offense must be established by a “fair preponder *819 anee of the evidence” (Family Ct Act § 832; see Matter of Drury v Drury, 90 AD3d 754 [2011]; Matter of Pearlman v Pearlman, 78 AD3d 711, 712 [2010]). Contrary to the Family Court’s determination, the petitioner established that the respondent committed the family offense of harassment in the second degree (see Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26; Matter of Mader v Johnson, 74 AD3d 1342 [2010]). The credible evidence presented at the hearing established that, on at least two occasions, the respondent engaged in conduct which included throwing cups and other objects at the petitioner. Such conduct served to “alarm or seriously annoy” the petitioner, and served no legitimate purpose (Penal Law § 240.26 [3]).
Further, the Family Court erred in considering various police reports related to the alleged family offenses in making its determination. It is well established that police reports are admissible as business records as long as the report is made based upon the officer’s personal observations and while carrying out the officer’s police duties (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392 [2003]; Yeargans v Yeargans, 24 AD2d 280, 282 [1965]). Conversely, police reports have consistently been held inadmissible where the information contained in the report came from witnesses not engaged in the police business in the course of which the memorandum was made (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392 [2003]; Yeargans v Yeargans, 24 AD2d at 282). In this case, as there is no evidence as to the source of the information in the reports, whether that person was under a business duty to make it, or whether some other hearsay exception would render the statements admissible, they should not have been considered by the Family Court (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392 [2003]; Gagliano v Vaccaro, 97 AD2d 430 [1983]; Cornier v Spagna, 101 AD2d 141, 147 [1984]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.