██ Jacqueline Memenza, Appellant, v Alfred R. Cole et al., Respondents. [16 NYS3d 287]—

In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated August 1, 2014, which, upon a jury verdict on the issue of liability in favor of the defendants, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial before a different Justice.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was struck by a motor vehicle owned by the defendant Rolanda Butler and operated by the defendant Alfred R. Cole. At a jury trial, the plaintiff testified that she was struck by the subject vehicle while she was walking across a street within a pedestrian crosswalk with the light in her favor. However, Cole testified that the plaintiff was riding a bicycle at the time of the accident and that the accident occurred after she suddenly emerged from between parked vehicles in an attempt to cross the street in the middle of the block.

Over the plaintiff's objection, the defendants were permitted to introduce into evidence a redacted police accident report which indicated, among other things, that the plaintiff was riding a bicycle at the time of the accident and that the accident occurred in the middle of the block. The police officer who prepared the accident report testified at trial that he did not have any independent recollection of his investigation of the subject accident, he could not recall whether he saw a bicycle at the scene after the accident, he could not recall the basis for identifying the location of the accident on the accident report, and he could not recall the source of any of the information that he set forth in the accident report.

The jury returned a verdict finding that Cole was not negligent, and the court thereafter entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment. We reverse and remit the matter for a new trial.

"Facts stated in a police report that are hearsay are not admissible unless they constitute an exception to the hearsay rule" (*Siemucha v Garrison*, 111 AD3d 1398, 1401 [2013]; *see Murray v Donlan*, 77 AD2d 337, 342 [1980]). Pursuant to CPLR 4518 (a), a police accident report is admissible as a business record so long as the report is made based upon the officer's personal observations and while carrying out police duties (*see Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d 818, 819

[2013]; *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003]; *Yeargans v Yeargans*, 24 AD2d 280, 282 [1965]). If information contained in a police accident report was not based upon the police officer's personal observations, it may nevertheless be admissible as a business record "if the person giving the police officer the information contained in the report was under a business duty to relate the facts to him [or her]" (*Stevens v Kirby*, 86 AD2d 391, 395 [1982]; *see Johnson v Lutz*, 253 NY 124, 128 [1930]; *Donohue v Losito*, 141 AD2d 691, 692 [1988]; *Murray v Donlan*, 77 AD2d at 342; *Toll v State of New York*, 32 AD2d 47, 49-50 [1969]). If the person giving the police officer the information was not under a business duty to give the statement to the police officer, such information "may be proved by a business record only if the statement qualifies [under some other] hearsay exception, such as an admission" (*Stevens v Kirby*, 86 AD2d at 395; *see Cover v Cohen*, 61 NY2d 261, 274 [1984]; *Murray v Donlan*, 77 AD2d at 342; *Toll v State of New York*, 32 AD2d at 49-50). In other words, "each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception" (*Murray v Donlan*, 77 AD2d at 346). "The proponent of hearsay evidence must establish the applicability of a hearsay-rule exception" (*Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]).

Here, the record was insufficient to demonstrate that the disputed information contained in the redacted accident report was derived from the personal observations of the police officer, who, it is uncontested, did not witness the subject accident (*see Sanchez v Steenson*, 101 AD3d 982, 983 [2012]; *Huff v Rodriguez*, 45 AD3d 1430, 1432 [2007]; *Murray v Donlan*, 77 AD2d at 346). The police officer, who had no personal recollection of his investigation after the subject accident, was unable to testify as to the source of the information contained in the accident report. Since the source of the information contained in the redacted accident report was not identifiable, it was error to admit it into evidence, inasmuch as it could not be established whether the source of the information had a duty to make the statement or whether some other hearsay exception applied (*see Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d at 819; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]; *Almestica v Colon*, 304 AD2d 508, 509 [2003]; *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d at 396; *Gagliano v Vaccaro*, 97 AD2d 430, 431 [1983]; *Murray v Donlan*, 77 AD2d at 346-347).

The error in admitting the redacted police accident report

was not harmless, as the information contained in the accident report bore directly on the ultimate issue to be determined by the jury (*see* CPLR 2002; *Sanchez v Steenson*, 101 AD3d at 983; *Murray v Donlan*, 77 AD2d at 346-347). Furthermore, this error was compounded by the fact that the trial court denied the plaintiff's attorney a full and fair opportunity to give his opening statement and to cross-examine the police witness (*cf. Ames v Ames*, 212 AD2d 653, 655 [1995]). Under these circumstances, and in view of the trial court's conduct toward the plaintiff's counsel throughout the course of this trial, we deem it appropriate to remit the matter to the Supreme Court, Kings County, for a new trial before a different Justice.

Since a new trial is required, we do not reach the plaintiff's remaining contentions advanced as alternative grounds for reversal of the judgment (*see Cathey v Gartner*, 15 AD3d 435, 436 [2005]; *Tsachalis v City of Mount Vernon*, 293 AD2d 525, 526 [2002]). Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.