■ LESIA C. WYNN, as Administratrix of the Estate of LESIA A. WYNN, Deceased, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant. [26 NYS3d 558]—

In an action to recover damages for personal injuries and wrongful death, the defendant appeals from a judgment of the Supreme Court, Kings County (Wade, J.), dated November 27, 2013, which, upon a jury verdict on the issue of liability, upon the denial of its motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for wrongful death, made at the close of the plaintiff's case on the issue of damages, and upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $500,000 for pain and suffering and $39,000 for wrongful death, is in favor of the plaintiff and against it in the principal sum of $539,000.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability only; and it is further,

Ordered that in the event that the defendant is found liable at the new trial, a judgment shall be entered upon that verdict and upon the jury verdict on the issue of damages awarding the plaintiff the principal sums of $500,000 for pain and suffering and $39,000 for wrongful death; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action to recover damages for personal injuries and wrongful death, alleging that on October 23, 2010, her decedent was a pedestrian who was struck by an unidentified motor vehicle that fled the scene. At a jury trial on the issue of liability, testimony was elicited from one eyewitness to the incident. The eyewitness testified that he saw a motor vehicle strike the decedent. However, the eyewitness also testified that he did not see the decedent before the accident, did not see any vehicle come into contact with her, and that the first time he saw the decedent he thought she had fallen out of the back window of an SUV.

During the trial, the court admitted into evidence a police accident report. Over the defendant's objection, the court declined to redact from the accident report a diagram which depicted the decedent as a pedestrian crossing the street in front of the unidentified motor vehicle that allegedly struck her. Following the liability phase of the trial, the jury found that the driver of the unidentified vehicle was negligent, and that such negligence was a substantial factor in causing the accident. After a trial on the issue of damages, the jury awarded the plaintiff the sum of $39,000 on the wrongful death cause of action, and $500,000 for pain and suffering. The defendant appeals from the judgment. We reverse and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability.

The Supreme Court erred in admitting the police accident report into evidence without redacting the police officer's diagram of the accident. Information in a police accident report is "admissible as a business record so long as the report is made based upon the officer's personal observations and while carrying out police duties" (*Memenza v Cole*, 131 AD3d 1020, 1021 [2015]; *see Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d 818, 819 [2013]; *Yeargans v Yeargans*, 24 AD2d 280, 282 [1965]). Conversely, information in a police accident report is inadmissible where the information came from witnesses not engaged in the police business in the course of which the memorandum was made, and the information does not qualify under some other hearsay exception (*see Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d at 819; *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003]). Here, the diagram contained in the police accident report was not derived from the personal observations of the police officer, who did not witness the subject accident (*see Memenza v Cole*, 131 AD3d at 1022; *Sanchez v Steenson*, 101 AD3d 982, 983 [2012]; *Quaglio v Tomaselli*, 99 AD2d 487, 488 [1984]). In addition, there was insufficient evidence as to the source of the information used to prepare the diagram, whether that person was under a business duty to supply it, or whether some other hearsay exception would render the diagram admissible. The diagram therefore should not have been admitted (*see Memenza v Cole*, 131 AD3d at 1022; *Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d at 819; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]). Furthermore, the error in admitting the diagram was not harmless, as it bore directly on the ultimate issue to be determined by the jury (*see* CPLR 2002; *Memenza v Cole*, 131 AD3d at 1022-1023; *Hatton v Gassler*, 219 AD2d 697, 698 [1995]).

The parties' remaining contentions are without merit.

Accordingly, the judgment must be reversed, and the matter remitted to the Supreme Court, Kings County, for a new trial on the issue of liability. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.