OPINION OF THE COURT
Katherine A. Levine, J.
Plaintiff Clear Water Psychological Services PC seeks to recover no-fault benefits assigned to it by Oshane Crooks (assignor) and moves for summary judgment on the grounds that the bills it submitted to American Transit Insurance Company remain unpaid. Defendant cross-moves for a 90-day stay of the action pending a determination by the Workers’ Compensation Board as to whether the assignor was acting as an employee at the time of the subject automobile accident which occurred on November 10, 2014, and whether he is entitled to workers’ compensation benefits.
At issue is the admissibility of the signed but uncertified police accident report dated November 10, 2014, which indicated that at the time of the accident, the assignor was driving a vehicle with a taxi license plate number and that there were two passengers in the vehicle, to establish that the assignor was acting in the course of his employment. Defendant submits that the report mandates that the 90-day stay be granted.
Facts stated in a police report are not admissible unless they constitute an exception to the hearsay rule (Memenza v Cole, 131 AD3d 1020, 1021-1022 [2d Dept 2015]). If the report is based upon the officer’s personal observations while carrying out police duties, it is admissible as a business record. (Id.; CPLR 4518 [a]; Wynn v Motor Veh. Acc. Indem. Corp., 137 AD3d 779, 780 [2d Dept 2016]; see also Bhowmik v Santana, 140 AD3d 460, 461 [1st Dept 2016] [police accident report, in which officer recorded his own observations that the plaintiff smelled of alcohol and appeared to be intoxicated, was not based on hearsay, and was therefore admissible].)
Pursuant to Vehicle and Traffic Law §§ 603-a and 604, whenever a motor vehicle accident results in serious physical injury, and such accident either is discovered by a police officer, or reported to an officer within five days after an accident, it is the duty of the police to immediately investigate the facts and complete a report on a form prescribed by the Commissioner of Motor Vehicles, a copy of which shall be sent to the Commis *917 sioner within five business days of the completion of such investigation report (People v Quackenbush, 88 NY2d 534, 539 [1996]; Bouet v City of New York, 125 AD3d 539, 540 [1st Dept 2015]). In New York City, the prescribed police accident report (PAR) is the MV-104AN. (See State of New York Department of Motor Vehicles, Police Accident Report Manual, https:// dmv.ny.gov/forms/p33PartO 1 .pdf.)
In the instant action, Police Officer (P.O.) Stephenson filled out this form. The fifth line on the PAR asks for the plate numbers of the vehicles involved in the accident, and the table following line 7 asks for a list of all involved in the accident. As P.O. Stephenson filled out the particulars of the license plate number and the names of the passengers, one can only conclude that his notations were based on his personal observations at the scene of the subject accident.
Although the MV-104AN is signed at the bottom by P.O. Stephenson, it is not certified, and defendant’s cross motion for summary judgment does not contain an affidavit or other sworn evidence from someone with personal knowledge establishing its authenticity or accuracy. CPLR 4518 (c) permits a police report to be admitted as proof of the facts recorded therein only if “[it] bear[s] a certification or authentication by the head of the . . . [police] department . . . or by an employee delegated for that purpose.” Since the MV-104AN is not certified, it does not qualify for admission under CPLR 4518 (c) (Nationwide Gen. Ins. Co. v Bates, 130 AD3d 795, 796 [2d Dept 2015]; Adobea v Junel, 114 AD3d 818 [2d Dept 2014]; Cheul Soo Kang v Violante, 60 AD3d 991 [2d Dept 2009]).
Although the PAR may not be admitted into evidence in its current form, defendant’s motion still presents factual questions regarding the assignor’s status as an employee of a taxi base, as plaintiff does not dispute the truthfulness of P.O. Stephenson’s observations that the vehicle involved in the subject accident had a taxi license plate. Pursuant to Workers’ Compensation Law § 2 (3) and (4), the term “employer” includes a person or entity who leases a taxicab, and concomitantly, the term “employee” includes “a driver, operator or lessee who contracts with an owner, operator or lessor for the purpose of operating a taxicab” (see Matter of Mihalaris v UTOG 2-Way Radio, 299 AD2d 677, 678 [3d Dept 2002]). The question of the assignor’s employment status and his entitlement to benefits under the Workers’ Compensation Law must be resolved at a hearing before the Board, which has primary jurisdiction over *918 deciding these matters (Siekkeli v Mark Mariani, Inc., 119 AD3d 766, 768 [2d Dept 2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629, 630 [2d Dept 2010]; Speroni v Mid-Island Hosp., 222 AD2d 497, 498 [2d Dept 1995]).
In light of the above, defendant’s motion is granted to the extent that this action shall be stayed for 90 days pending a prompt application to determine the applicability of the Workers’ Compensation Law to plaintiff’s claim.