■ Justin Shehab, Appellant, v Michael Powers et al., Respondents, et al., Defendants. [54 NYS3d 104]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered February 9, 2015, which, upon a jury verdict on the issue of liability in favor of the defendants Michael Powers, Cox Media Group, Inc., and Cox Enterprises, Inc., is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries against, among others, Michael Powers, Cox Media Group, Inc., and Cox Enterprises, Inc. (hereinafter collectively the defendants), arising out of a rear-end automobile collision that occurred on January 27, 2008, on Sunrise Highway in Suffolk County. At trial, the parties disputed the manner in which the accident occurred and the location at

which it happened. The plaintiff testified that he was traveling on Sunrise Highway about 4 to 5 car lengths behind an SUV operated by Powers. According to the plaintiff, Powers suddenly applied his vehicle's brakes, swerved to the left, and came to a stop halfway off of the roadway. The plaintiff could not change lanes due to traffic, and he was unable to avoid striking Powers's vehicle in the rear. The plaintiff indicated that the accident occurred about 500 to 600 feet away from the nearest traffic signal. Powers, in contrast, testified that he gradually brought his vehicle to a stop since traffic ahead of him was stopping for a red traffic signal. After his vehicle was stopped for several seconds, it was struck in the rear by the plaintiff's vehicle. After trial, the jury found in favor of the defendants on the issue of liability, and the Supreme Court entered a judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.

Information in a police accident report is "admissible as a business record so long as the report is made based upon the officer's personal observations and while carrying out police duties" (*Memenza v Cole*, 131 AD3d 1020, 1021 [2015]; *see Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d 818, 819 [2013]; *Yeargans v Yeargans*, 24 AD2d 280, 282 [1965]). Conversely, information in a police accident report is inadmissible where the information came from witnesses not engaged in the police business in the course of which the memorandum was made, and the information does not qualify under any other hearsay exception (*see Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d at 819; *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003]).

Here, the Supreme Court did not err in redacting certain information from the police report with respect to the location of the accident. There was insufficient evidence at trial to demonstrate that the disputed information was derived from the personal observations of the responding police officer, who did not witness the subject accident (*see Wynn v Motor Veh. Acc. Indem. Corp.*, 137 AD3d 779, 780 [2016]; *Memenza v Cole*, 131 AD3d at 1022; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]; *Gagliano v Vaccaro*, 97 AD2d 430 [1983]). Moreover, the court did not err in precluding the plaintiff from cross-examining his own witness, the responding police officer, with respect to the accident location (*see Delva v New York City Tr. Auth.*, 123 AD3d 653 [2014]; *cf. Memenza v Cole*, 131 AD3d at 1023).

Under the emergency doctrine, "those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably

causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Parastatidis v Holbrook Rental Ctr., Inc.*, 95 AD3d 975, 976 [2012]). In general, however, the emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead of them (*see* Vehicle and Traffic Law § 1129 [a]; *Jacobellis v New York State Thruway Auth.*, 51 AD3d 976, 976-977 [2008]; *Reed v New York City Tr. Auth.*, 299 AD2d 330, 332 [2002]; *Pappas v Opitz*, 262 AD2d 471 [1999]). A trailing driver's conduct in failing to leave reasonable distance creates the possibility that a sudden stop will be necessary (*see Pappas v Opitz*, 262 AD2d at 471; *Sass v Ambu Trans.*, 238 AD2d 570 [1997]; *Gage v Raffensperger*, 234 AD2d 751, 751-752 [1996]). Here, the Supreme Court properly determined that the plaintiff was not entitled to an emergency doctrine jury charge, as the evidence at trial, viewed in the light most favorable to the plaintiff, demonstrated that the plaintiff was not reacting to an emergency, but rather, to a common traffic occurrence (*see Comas-Bourne v City of New York*, 146 AD3d 855 [2017]; *Lowhar-Lewis v Metropolitan Transp. Auth.*, 97 AD3d 728 [2012]; *Cascio v Metz*, 305 AD2d 354 [2003]). Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.