Bloechle v Heritage Catering, Ltd. (2019 NY Slip Op 04125)





Bloechle v Heritage Catering, Ltd.


2019 NY Slip Op 04125


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-00742
 (Index No. 67738/14)

[*1]Evelyn Bloechle, etc., respondent,
v
Heritage Catering, Ltd., et al., appellants.


DeSena & Sweeney, LLP, Bohemia, NY (Louis J. DeSena and Shawn P. O'Shaughnessy of counsel), for appellants.
Harlan A. Platz, PLLC (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 19, 2016. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 6, 2014, at approximately 3:00 a.m., a vehicle operated by Harry Bloechle (hereinafter Bloechle) was struck in the rear by a vehicle owned by the defendant Heritage Catering, Ltd., and operated by the defendant Gregory L. Valeo. The accident occurred in the right lane of the eastbound Long Island Expressway (hereinafter LIE), near exit 57. Subsequently, Bloechle commenced this action against the defendants to recover damages for personal injuries. Bloechle moved for summary judgment on the issue of liability, contending that Valeo's negligent operation of his vehicle was a proximate cause of the accident. The Supreme Court granted the motion, and the defendants appeal. While the appeal was pending, Bloechle died, and Evelyn Bloechle, as administrator of Bloechle's estate, was substituted as the plaintiff.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiad-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Auguste v Jeter, 167 AD3d 560).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability through the deposition testimony of Bloechle, Valeo, and nonparty witness Raymond Crifasi. Bloechle testified that he was operating his vehicle in the right eastbound lane of the LIE at about 50 to 55 miles per hour when the vehicle stalled and came to a complete stop for approximately one minute before the accident occurred. Valeo testified that a vehicle traveling in front of him changed lanes from the eastbound right lane approximately five seconds before the accident occurred and that after that vehicle changed lanes, he eventually saw Bloechle's vehicle in [*2]front of him when the vehicle was approximately 10 feet away. Valeo also testified that Bloechle's vehicle was stopped when the accident occurred. Crifasi, a New York City police officer who was off duty at the time of the accident, testified that he had been traveling in his vehicle in the eastbound right lane of the LIE when he observed Bloechle's vehicle, at least five car lengths ahead of him, stopped in that lane, which caused Crifasi to gradually switch lanes to avoid Bloechle's disabled vehicle. Crifasi further testified that he saw the defendants' vehicle in his rearview mirror when he changed lanes and that the accident occurred a minute or two after that observation. Even accepting Valeo's testimony as true, he was following the vehicles in front of him too closely (see Vehicle and Traffic Law § 1129[a]).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact with respect to a nonnegligent explanation for the collision (see generally Zuckerman v City of New York, 49 NY2d 557, 562). The statement in the police accident report that Bloechle had fallen asleep was inadmissible since the responding police officer, who did not witness the accident, when deposed, could not identify the source of that statement (see Ardanuy v RB Juice, LLC, 164 AD3d 1296, 1297; see also Memenza v Cole, 131 AD3d 1020, 1022). In addition, the fact that the responding police officer identified contributing factors for the happening of the accident to Bloechle and did not attribute any contributing factors to Valeo also constituted inadmissible hearsay since the responding officer did not witness the accident (see Ardanuy v RB Juice, LLC, 164 AD3d at 1297). Further, contrary to the defendants' contention, Bloechle was not required to demonstrate his freedom from comparative fault in order to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Edgerton v City of New York, 160 AD3d 809, 811).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court