<partyblock>

Clemenston Stephens, Appellant,

against

Claude Stephens, Respondent.

Clemenston Stephens, appellant pro se.

Claude Stephens, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered August 17, 2017. The judgment, entered pursuant to a decision of that court dated March 16, 2017, after a nonjury trial, dismissed the complaint.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated March 16, 2017 is deemed a premature notice of appeal from the judgment entered August 17, 2017 (see CPLR 5520 [c]); and it is further,

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial before a different judge.

Plaintiff commenced this action to recover the principal sum of $20,000 for personal injuries and property damage. At a nonjury trial, the transcript of which consists of a mere seven pages, the Civil Court (Cenceria P. Edwards, J.) stated "we're finished" and abruptly ended the trial, notwithstanding plaintiff's request to submit further evidence, including documentary evidence. Immediately after the trial, the court dismissed the complaint.

On appeal, plaintiff contends that he was denied a fair trial, as the Civil Court precluded him from presenting his case. Thus, a new trial is required.

Upon a review of the record, we are of the opinion that the Civil Court deprived plaintiff of a full and fair trial by abruptly ending the trial without affording plaintiff the opportunity to cross-examine defendant or present his own rebuttal. Indeed, plaintiff asked the court if he could "continue" with his case, but the court said "No, we're finished," without making any further inquiry. Under the circumstances, the judgment must be reversed and the matter remitted to the Civil Court for a new trial before a different judge.

We note that, contrary to the view of the dissenting justice, the circumstances presented here, as well as in the case of Athanasatos v Johnson (___ Misc 3d ___, 2019 NY Slip Op ____ [*2][appeal No. 2018-61 K C], decided herewith), justify a remittitur to a different judge for a new trial, as plaintiff is entitled to, but did not receive, "a full and fair opportunity" to present his case (Memenza v Cole, 131 AD3d 1020, 1023 [2015]; see e.g. Sakie v Amin, 46 Misc 3d 147[A], 2015 NY Slip Op 50230[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Indeed, the dissenting justice was a member of the same panel as involved herein that decided the Sakie case, which, like this case, involved a deprivation of a full and fair opportunity to be heard (see also 818 Woodward, LLC v Gerges, 55 Misc 3d 129[A], 2017 NY Slip Op 50374[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).

Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial before a different judge.

PESCE, P.J., and ALIOTTA, J., concur.

WESTON, J., dissents and votes to affirm the judgment in the following memorandum.

I disagree with the majority's conclusion that the Civil Court deprived plaintiff of a fair trial by precluding him from presenting evidence. To the contrary, the record reveals that the court afforded plaintiff ample opportunity to present his case before making a credibility determination rejecting plaintiff's version of the events. Moreover, the court's decision to terminate the trial was consistent with its power to administer the proceedings effectively (see People v Tohom, 109 AD3d 253 [2013]). Accordingly, I respectfully dissent and vote to affirm.

Plaintiff commenced this action against defendant, his brother, alleging personal injuries following defendant's violation of an order of protection. At trial, the then 80-year-old plaintiff testified that, on July 6, 2015, he saw defendant at his residence, in violation of an order of protection, and called police. Plaintiff testified that when defendant left the premises, he approached plaintiff with a shovel and hit him in the head, "piercing a plate of food contain[ed] in plastic and aluminum, two inches thick, through my cap into my head." As a result, plaintiff sustained lacerations to his head, requiring four staples.

At trial, the then 73-year-old defendant disputed plaintiff's account, maintaining that plaintiff's injuries were the result of a "scuffle" between the two brothers, after which plaintiff fell and hit his head. According to defendant, the scuffle began when plaintiff hit him and broke his glasses. Defendant admitted that he was arrested for violating an order of protection, but maintained that he pays the rent on the premises, while his brother pays nothing. Defendant testified that he was in the yard of the property, when plaintiff came out and confronted him. In ascertaining ownership of the property, the court inquired:

"THE COURT: All right. So, it's your property, you're saying, and you sold it to your sister?

[DEFENDANT]: Yes.

THE COURT: Is that true?

[PLAINTIFF]: No, your Honor.

THE COURT: What's the truth? To you?

[PLAINTIFF]: And the truth is born [sic] out by a court decision by the judge on the 7th of May 2000
whether it be intemperate remarks, as in Abrams, or a [*4]complete disregard of the evidence, as in People v Francis and Matter of Czop v Czop. Nothing in the judge's conduct in this case suggests a bias or would otherwise indicate that she is incapable of affording plaintiff a fair trial upon remittitur.

To the extent the majority contends that my dissent in this case is inconsistent with my position in Sakie, I disagree. In Sakie, the court denied defendant's request to call witnesses, who were essential to defendant's entire case. Moreover, the court precluded defendant from presenting any proof on his counterclaim. Here, in contrast, plaintiff presented everything that was necessary to support his case, never indicated that he wished to present further documentation or witnesses, and engaged in conduct that prompted the court to end the proceedings. On this record, remittitur to a different judge in my opinion appears overly harsh and punitive.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 31, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>