Country-Wide Ins. Co. v Lobello (2020 NY Slip Op 04836)





Country-Wide Ins. Co. v Lobello


2020 NY Slip Op 04836


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-12074 
2018-12080
 (Index Nos. 702543/16, 713675/16)

[*1]In the Matter of Country-Wide Insurance Company, petitioner-respondent, 
v
Anthony Lobello, respondent- respondent; Alexander L. Zeno, et al., appellants. (Proceeding No. 1.)
In the Matter of Country-Wide Insurance Company, petitioner-respondent,Michael Welker, respondent- respondent; Alexander L. Zeno, et al., appellants. (Proceeding No. 2.)


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum] of counsel), for appellants.
Jaffe & Velazquez, LLP, New York, NY (Jean H. Kang of counsel), for petitioner-respondent.



DECISION & ORDER
In related proceedings pursuant to CPLR article 75 to permanently stay arbitration of claims for uninsured motorist benefits, Alexander L. Zeno and Allstate Insurance Company appeal from (1) an order and judgment (one paper) of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered September 13, 2018, and (2) an order and judgment (one paper) of the same court also entered September 13, 2018. The first order and judgment, after a framed-issue hearing, granted the petition in Proceeding No. 1 and permanently stayed arbitration of the claim of Anthony Lobello. The second order and judgment, after a framed-issue hearing, granted the petition in Proceeding No. 2 and permanently stayed arbitration of the claim of Michael Welker.
ORDERED that the orders and judgments are affirmed, with one bill of costs.
On January 17, 2016, a vehicle owned and operated by Michael Welker, in which Anthony Lobello was a passenger, was struck by a Hyundai sedan. The driver of the Hyundai then fled the scene, but Welker was able to write down the license plate number of the Hyundai and provide it to the police officer who responded to the accident. The license plate number that Welker provided to the police officer appeared in a subsequent police accident report, and was found to correspond to a Hyundai that was owned by Alexander L. Zeno and insured by Allstate Insurance Company (hereinafter Allstate). Zeno denied involvement in the accident. Welker and Lobello filed separate uninsured motorist claims against Country-Wide Insurance Company (hereinafter Country-Wide), which insured Welker's vehicle, and demanded arbitration of the claims. Country-Wide then commenced a proceeding to permanently stay arbitration of Lobello's claim (hereinafter Proceeding No. 1), and commenced a separate proceeding to permanently stay arbitration of Welker's claim [*2](hereinafter Proceeding No. 2).
The proceedings were joined for a framed-issue hearing on the issue of whether Zeno's vehicle was involved in the accident. During the hearing, Country-Wide sought to admit into evidence the uncertified police accident report. The police report identified Zeno's vehicle by its license plate number as the hit-and-run vehicle, and was admitted into evidence over objection. The Supreme Court determined that Zeno's vehicle was involved in the accident. In an order and judgment entered September 13, 2018, the court granted the petition in Proceeding No. 1 and permanently stayed arbitration of Lobello's claim. In an order and judgment also dated September 13, 2018, the court granted the petition in Proceeding No. 2 and permanently stayed arbitration of Welker's claim. Allstate and Zeno (hereinafter together the appellants) appeal.
"Facts stated in a police report that are hearsay are not admissible unless they constitute an exception to the hearsay rule" (Memenza v Cole, 131 AD3d 1020, 1021 [internal quotation marks omitted]). "Pursuant to CPLR 4518(a), a police accident report is admissible as a business record so long as the report is made based upon the officer's personal observations and while carrying out police duties" (id. at 1021 [citations omitted]). Where information in a police accident report is not based on the personal observations of a police officer, "it may nevertheless be admissible as a business record if the person giving the police officer the information contained in the report was under a business duty to relate the facts to him [or her],'" or if the statement qualifies under another hearsay exception, such as an admission (id. at 1022, quoting Stevens v Kirby, 86 AD2d 391, 395). " [E]ach participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception'" (Memenza v Cole, 131 AD3d at 1022, quoting Murray v Donlan, 77 AD2d 337, 346).
Here, the information in the police report was not derived from the personal observations of the police officer, who did not observe the accident (see CPLR 4518[a]; Bloechle v Heritage Catering, Ltd., 172 AD3d 1294, 1296; Shehab v Powers, 150 AD3d 918, 919; Memenza v Cole, 131 AD3d at 1022). Because the source of the information in the police report regarding the license plate number of the Hyundai cannot be identified, the police report was inadmissible (see Noakes v Rosa, 54 AD3d 317, 318; Gagliano v Vaccaro, 97 AD2d 430, 430). Thus, the Supreme Court should not have admitted the police report into evidence at the hearing. However, since we are satisfied that the result would have been the same had the police report not been admitted, this error was harmless (see Barracato v Camp Bauman Buses, 217 AD2d 677).
The power of this Court, when reviewing a determination made after a hearing, "is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony" (Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947, 948; see Baba-Ali v State of New York, 19 NY3d 627, 640; Matter of Nationwide & Mut. Ins. Co. v Joseph-Sanders, 121 AD3d 1003, 1004). Here, contrary to the appellants' contention, the Supreme Court's determination that Zeno's vehicle was involved in the subject accident is supported by the evidence presented at the hearing, excluding the police report (see Matter of American Tr. Ins. Co. v Caba, 137 AD3d 1018, 1019-1020). Welker testified that he clearly observed the color, make, style, and license plate number of the offending vehicle, recorded the license plate number, and provided that information to the police officer who responded to the accident. Welker also testified that the license plate number that corresponded to Zeno's vehicle was identical to the license plate number he provided to the police officer. Further, the police officer testified that he routinely takes a statement from the operator of a vehicle at the scene of an accident, and it is common practice for this information to be written in the police accident report. While Zeno stated that there was no pre-existing damage to his vehicle prior to the accident and that no repairs were made to the front of the vehicle, photographs of his vehicle that were admitted at the hearing show that, when compared to the front of the vehicle on the passenger's side, the front of the vehicle on the driver's side has different, replacement, or missing parts.
Accordingly, we agree with the Supreme Court's determination granting the petitions [*3]and permanently staying arbitration of the subject claims.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court