Yassin v Blackman (2020 NY Slip Op 05090)





Yassin v Blackman


2020 NY Slip Op 05090


Decided on September 23, 2020


Appellate Division, Second Department


Connolly, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-04138
 (Index No. 524399/17)

[*1]Jehad Yassin, respondent, 
v
Lyndon Blackman, et al., appellants.



APPEAL by the defendants, in an action to recover damages for personal injuries, from an order of the Supreme Court (Loren Baily-Schiffman, J.), dated February 14, 2019, and entered in Kings County. The order granted the plaintiff's motion for summary judgment on the issue of liability.



James J. Toomey, New York, NY (Jason Meneses of counsel), for appellants.
Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



CONNOLLY, J.


OPINION & ORDER
An uncertified police accident report does not constitute admissible evidence, absent a proper foundation for its admissibility (see Memenza v Cole, 131 AD3d 1020, 1021). We take this opportunity to clarify a line of cases from this Court that held that a party's admission, contained in an uncertified police report, was admissible. For the reasons that follow, those cases should no longer be followed. Further, the order of the Supreme Court granting the plaintiff's motion for summary judgment on the issue of liability should be reversed.
I.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a taxi he was operating came into contact with a truck operated by the defendant Lyndon Blackman and owned by the defendant Hylan Datacom.
The plaintiff moved for summary judgment on the issue of liability, submitting, inter alia, his own affidavit and a copy of an uncertified police accident report. In his affidavit, the plaintiff averred that the vehicle he was operating "had come to a stop . . . at a traffic light for approximately 4-5 seconds before it was rear-ended by [the defendants'] vehicle," which had "attempted to go around me on the left and smashed into the rear portion of my vehicle." The plaintiff averred: "I had not stopped short for any emergency reason nor did I stop short prior to impact. I simply stopped my vehicle for normal traffic conditions at the intersection. I was simply waiting for my turn to proceed forward and turn."
The uncertified police accident report included, inter alia, a statement attributed to the operator of the defendants' vehicle that "HE WAS ATTEMPTING TO PASS [the plaintiff's vehicle] TO CONTINUE STRAIGHT ON WEST 48TH STREET SIDE SWIPING [the plaintiff's vehicle]."
In opposition, the defendants submitted an affidavit by Blackman, who averred, in pertinent part:
"As I was driving . . . I observed a green taxi double parked to the right of my vehicle. As I attempted to pass the taxi, the [p]laintiff who operated the taxi, suddenly moved forward and cut me off to get in front of my vehicle in order to make a right turn."
The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. The defendants appeal.
II.
On appeal, the defendants contend that Blackman's affidavit was sufficient to raise a triable issue of fact on the issue of liability, and specifically, on the issue of whether the plaintiff's vehicle suddenly moved in front of Blackman's vehicle just before the moment of impact. The plaintiff responds, inter alia, that Blackman's affidavit should be disregarded as a feigned attempt to avoid the consequences of his admission contained in the police accident report. In reply, the defendants argue that the police accident report is inadmissible, as it was not certified. The defendants also argue that Blackman's purported statement to the police officer at the scene of the accident and the averments in his affidavit are not inconsistent.
III.
As an initial matter, we take this opportunity to clarify our case law regarding the admissibility of a party's statement recorded in an uncertified police report. We hold that, absent a proper foundation, a party's admission contained in an uncertified police accident report is inadmissible.
The use of a statement recorded in a police accident report involves two levels of hearsay, each of which must fit within a hearsay exception to render the statement contained within the report admissible (see Memenza v Cole, 131 AD3d at 1022, citing Murray v Donlan, 77 AD2d 337, 346).
At the first level of hearsay, the report itself must be admissible. A properly certified police accident report is admissible where "the report is made based upon the officer's personal observations and while carrying out police duties" (Memenza v Cole, 131 AD3d at 1021). CPLR 4518(c) provides that the foundation for the admissibility of, inter alia, the records of a department or bureau of a municipal corporation or of the state may be laid through a proper certification (see CPLR 2306; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C4518:10 ["CPLR 4518(c) . . . provides a means of dispensing with foundation testimony as a prerequisite to admission of," inter alia, "records of a department or bureau of a municipal corporation or of the state"]). CPLR 4518(c) "is governed by the same standards as the general business record exception" (People v Mertz, 68 NY2d 136, 147). Thus, the certification must "set forth" (id. at 148) that the record "was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518[a]).
At the second level of hearsay, assuming a properly certified police accident report, the statement recorded within the police accident report by the police officer must satisfy a hearsay exception. This Court has held that, even where a police report is properly certified, the hearsay statements of nonparties or unknown sources contained therein may not be admitted for their truth (see Noakes v Rosa, 54 AD3d 317, 318 ["The police report should not have been admitted into evidence as a business record exception to the hearsay rule. The statement in the report that the defendant 'rear-ended' the plaintiff was from an unknown source" (citation omitted)]; DeLuca v Blanco, 31 AD3d 600, 601 ["The trial court properly refused to admit into evidence a statement made by a witness to the accident, who did not testify at the trial, which was contained in the police accident report. The statement did not fall under any of the recognized exceptions to the hearsay rule"]; see also Shehab v Powers, 150 AD3d 918, 919 ["information in a police accident report is inadmissible where the information came from witnesses not engaged in the police business in the course of which the memorandum was made, and the information does not qualify under any other hearsay exception"]; Memenza v Cole, 131 AD3d at 1022 ["Since the source of the information contained in the redacted accident report was not identifiable, it was error to admit it into evidence, inasmuch as it could not be established whether the source of the information had a duty to make the statement or whether some other hearsay exception applied"]). Where, as here, the police report has not been certified, and a foundation for its admissibility has not been laid by some other method, the report and its contents constitute inadmissible hearsay (see Johnson v Lutz, 253 NY 124, 128).
Although a line of cases from our Court held that an uncertified police report constitutes inadmissible hearsay (see Pavane v Marte, 109 AD3d 970, 971; Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936; Matter of Peerless Ins. Co. v Milloul, 140 AD2d 346, 347-348; O'Connor v Incorporated Vil. of Port Jefferson, 104 AD2d 861, 862), a separate line of cases anomalously espoused a carve-out to that rule, holding that a party's admission in an uncertified police report is admissible against that party. Although a party's admission is an exception to the hearsay rule (see Reed v McCord, 160 NY 330, 341 ["In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made"]), it is not logically consistent to hold that such admission may be received into evidence where the business record containing the purported admission is not itself in admissible form. Stated differently, a party's admission contained within a police accident report may not be bootstrapped into evidence if a proper foundation for the admissibility of the report itself has not been laid.
Thus, considering the foregoing double-hearsay analysis, in Gezelter v Pecora (129 AD3d 1021, 1022-1023), it was inconsistent to hold: "With respect to the police accident report submitted by the defendant in support of his motion, it was not certified as a business record and thus constituted inadmissible hearsay, except for that portion of the report which contained a party admission by the plaintiff that she did not have a recollection of the accident" (citations omitted; emphasis added). Since, in that case, a foundation had not been laid for the admissibility of the police accident report, its contents were inadmissible, including the portion of the report that contained the plaintiff's admission.
In addition to Gezelter v Pecora (129 AD3d 1021), the following line of cases, which espouse the same principle, should no longer be followed for that proposition: Harrinarain v Sisters of St. Joseph (173 AD3d 983, 983), Batashvili v Veliz-Palacios (170 AD3d 791, 792), Ganchrow v Kremer (157 AD3d 771, 773), Lezcano-Correa v Sunny's Limousine Serv., Inc. (145 AD3d 766, 767), and Lesaldo v Dabas (140 AD3d 708, 709).
We note that our holding today involves a situation in which a party affirmatively proffers a police accident report in support of a motion for summary judgment. To the extent that hearsay may be received in opposition to a motion for summary judgment if it is not the only evidence submitted (see Stock v Otis El. Co., 52 AD3d 816, 816-817), we make no holding as to whether an uncertified police accident report may be considered by a court in such instance.
IV.
Turning back to the merits of this appeal, we disagree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989, 991). "'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Buchanan v Keller, 169 AD3d at 991).
In this case, even without the police accident report, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his own affidavit, which established that Blackman was negligent in striking the plaintiff's vehicle while it was stopped and waiting to make a right turn (see Montalvo v Cedeno, 170 AD3d 1166, 1167; Martinez v Allen, 163 AD3d 951, 952). However, in opposition, the defendants raised a triable issue of fact as to Blackman's negligence, through the submission of, inter alia, Blackman's affidavit, in which he claimed that the plaintiff's vehicle was double-parked to the right side of his vehicle, and that "[a]s I attempted to pass the [plaintiff's vehicle], the [p]laintiff . . . suddenly moved forward and cut me off to get in front of my vehicle in order make a right turn" (see Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 727; Reitz v Seagate Trucking, Inc., 71 AD3d 975, 976).
Since the uncertified police accident report was inadmissible, we do not reach the [*2]plaintiff's contention that Blackman's affidavit should be disregarded as a feigned attempt to avoid the consequences of the admission he purportedly made to the police officer who prepared the police accident report (see generally Abramov v Miral Corp., 24 AD3d 397, 398).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.
For the foregoing reasons, the order is reversed, and the plaintiff's motion for summary judgment on the issue of liability is denied.
AUSTIN, J.P., MILLER, and BRATHWAITE NELSON, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
ENTER:
Aprilanne Agostino
Clerk of the Court