Yun v Daley (2025 NY Slip Op 03224)

Yun v Daley

2025 NY Slip Op 03224

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-02683
 (Index No. 604676/16)

[*1]Tiffany Yun, etc., appellant, 
v
Abby B. Daley, et al., defendants, County of Nassau, et al., respondents.

Kramer & Pollack, LLP, Mineola, NY (Joshua D. Pollack of counsel), for appellant.
Vincent D. McNamara, East Norwich, NY, for respondent County of Nassau.
Scahill Law Group P.C., Bethpage, NY (Gilbert Hardy and Gerard Ferrara of counsel), for defendants Abby B. Daley and Justin M. Daley.

DECISION & ORDER
In an action to recover damages for negligence and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Catherine Rizzo, J.), dated March 24, 2022. The judgment, insofar as appealed from, upon so much of a jury verdict as was in favor of the defendant Nassau County Police Department on the issue of liability, is in favor of the defendants County of Nassau and Nassau County Police Department and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint insofar as asserted against the defendants County of Nassau and Nassau County Police Department is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability as to those defendants.
On July 20, 2015, at approximately 11:30 p.m., police officers employed by the defendant Nassau County Police Department (hereinafter NCPD), attempted to stop the defendant Justin M. Daley (hereinafter the defendant driver) while he was driving a vehicle owned by his mother, the defendant Abby B. Daley. The officers followed the defendant driver, who traveled down Hempstead Turnpike at an excessive speed. Shortly thereafter, the vehicle driven by the defendant driver collided with a vehicle being driven by Ming Deng, who died as a result of the collision. Thereafter, the plaintiff, as administrator of Deng's estate, commenced this action, inter alia, to recover damages for wrongful death against, among others, the defendant driver, as well as County of Nassau and the NCPD. Following a jury trial, the jury rendered a verdict finding the defendant driver 100% at fault in the happening of the collision and finding that the NCPD did not act with reckless disregard. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not err in charging the jury that a "reckless disregard for the safety of others" standard of care was applicable to the police officers' conduct, rather than an ordinary negligence standard of care (see Saarinen v Kerr, 84 NY2d 494; McCloughlin v City of Syracuse, 206 AD3d 1600; Wonderly v City of Poughkeepsie, 185 AD3d [*2]632; Gonzalez v Zavala, 88 AD3d 946). There was sufficient evidence introduced at trial to demonstrate that the police officers were involved in an emergency operation, as they observed the defendant driver committing Vehicle and Traffic Law infractions, including reckless driving, and that the defendant driver refused to stop upon their emergency lights being activated, instead fleeing at a high rate of speed. Therefore, pursuant to Vehicle and Traffic Law § 1104, liability could only be imposed if the officers acted with reckless disregard for the safety of others (see id. §§ 114-b, 1104).
However, the Supreme Court erred in declining to admit the Nassau County Police Department Rules and Regulations (hereinafter the rules) into evidence. An officer's alleged violation of internal guidelines, although not dispositive, may be some evidence of whether an officer acted with reckless disregard (see Saarinen v Kerr, 84 NY2d at 503 n 3; Teitelbaum v City of New York, 300 AD2d 649, 650; Powell v City of Mount Vernon, 228 AD2d 572). The court compounded this error when it charged the jury pursuant to PJI 2:79A, specifically charging the jury that it may consider the rules when determining whether the police officers acted with reckless disregard for the safety of others. To the extent necessary, the rules could have been admitted with a limiting instruction that they may considered only as some evidence of recklessness, along with other factors (see Foster v Suffolk County Police Dept., 199 AD3d 658).
Further, the Supreme Court erred in admitting the full decision from a Dunaway/Huntley/Mapp hearing in the defendant driver's criminal proceeding, as its subject matter was collateral and merely served to bolster the testimony of the police officers (see Coopersmith v Gold, 89 NY2d 957, 960; Goldsmith v Kipnis, 186 AD3d 572, 573) and was therefore prejudicial. The court also erred in entirely precluding cross-examination of Detective Peter Ellison with respect to prior bad acts. Under the circumstances of this case, these errors were not harmless (see CPLR 2002), as the evidence related directly to issues to be determined by the jury (see Fraser v 147 Rockaway Pkw, LLC, 203 AD3d 894; Wynn v Motor Veh. Acc. Indem. Corp., 137 AD3d 779, 780; Memenza v Cole, 131 AD3d 1020, 1023), i.e., the officers' credibility, the nature of the police stop, and the question of when the officers activated their emergency lights.
To the extent that the defendant driver and Abby seek certain affirmative relief, such request is not properly before this Court, since they did not cross-appeal from the judgment appealed from (see Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d 671, 673).
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court